**In the Matter of A. L. H.**

**No. 16388.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 19, 1974.

Rehearing Denied Jan. 16, 1975.

Ramona F. John, Houston, for appellant.

Carol S. Vance, Dist. Atty., Robert J. Sussman, L. E. Wilson III, Asst. Dist. Attys., Houston, for appellee.

PEDEN, Justice.

This is an appeal from an order, purportedly entered under Section 54.05 of the Texas Family Code, V.T.C.A., committing the appellant to custody of the Texas Youth Council after a hearing on a petition to modify disposition.

On July 2, 1973, appellant was found to have habitually violated the compulsory school law of this state and was declared a delinquent child pursuant to Article 2338–1, § 3 of Vernon's Ann.Texas Civil Statutes. The court placed appellant on probation and released her to her mother's custody.

One of the rules of probation stated in the order was (as agreed to by the appellant): "I will be in my home each evening before 12 P.M. Friday and Saturday, 10 P.M. Sunday through Thursday, unless I am in the company of my parents or guardian, or unless I have specific permission from my Probation Officer."

On September 1, 1973, Title III of the Family Code became effective.

On March 4, 1974, the State filed a petition to modify disposition alleging that the appellant had been declared a delinquent child and had violated her probation order. A stipulation of evidence was entered in which the appellant admitted violating the order, and the court entered an order modifying disposition and committing the appellant to the Texas Youth Council.

Prior to the effective date of Title III of the Family Code a violation of the compulsory school law under Article 2338-1 was conduct for which a child could be declared a delinquent child and committed to the Texas Youth Council. Title III does not use the term "delinquent child", but activities for which a child could be adjudged a delinquent child under the superseded statute have been carried forward into Title III in the classifications of "child engaged in delinquent conduct" and "child engaged in conduct indicating a need for supervision." Violating the compulsory school law is now conduct indicating a need for supervision, not activity of a child engaged in delinquent conduct. Title III, Tex.Fam.Code Ann. § 51.03(b)(2).

The Hearing to Modify Disposition instituted on March 4, 1974, was governed by Section 54.05 of Title III of the Family Code. The applicable sections of Sec. 54.-05 read as follows:

"(f) A disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Council if the court after a hearing to modify disposition finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court.

"(g) A disposition based solely on a finding that the child engaged in conduct indicating a need for supervision may not be modified to commit the child to the Texas Youth Council. A new finding in compliance with Section 54.03 of this code must be made that the child engaged in delinquent conduct as defined in Section 51.03(a) of this code."

The legislature thus provided a less severe disposition for conduct which it classified as "indicating a need for supervision."

The order of July 2, 1973 declaring the appellant to be a "delinquent child," did not, of course, find that she had "engaged in delinquent conduct" or had "engaged in conduct indicating a need for supervision," since those terms were not applied under the statutes then in effect.

As we have seen, Sec. 54.05 provides that a disposition may not be modified under Title III to commit a child to the Texas Youth Council unless that disposition had been based on a finding that the child had engaged in delinquent conduct. We would be inclined to affirm the order of the trial court if, under Title III, a violation of the compulsory school law constituted activity indicating that the appellant was engaged in delinquent conduct. Since it does not, since Title III was in effect when the hearing to modify disposition was held, and the record does not reflect that there has been any new finding that the appellant has engaged in delinquent conduct, the order of the trial court must be reversed.

Reversed and remanded for further proceedings.