the matter of taxes, because they pled that they were ready, willing and able to deliver the property acquired to the defendants "as the Court shall direct, as part of an order rescinding and cancelling the conveyance involved." However, the tax matter was not litigated, and it may not be a problem when this case becomes final and the taxes paid on one tract are considered with the taxes owing on other tracts. As to such taxes, we make no order as the matter is not properly before us.

All points of error have been considered and all are overruled.

The judgment of the trial Court is affirmed.

**In the Matter of E. B.**

**No. 8547.**

Court of Civil Appeals of Texas, Amarillo.

July 14, 1975.

Rehearing Denied Aug. 4, 1975.

Daniel H. Benson, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Lubbock, for appellee.

ELLIS, Chief Justice.

In this juvenile proceeding, E. B., the appellant, a child who had been found to have engaged in delinquent conduct and placed on probation, brings this appeal from the trial court's order modifying the previous disposition order placing the child on probation. By reason of the trial court's finding of violation of the terms of such probation, the court modified the disposition order placing the child on probation and committed the child to the custody of the Texas Youth Council. Affirmed.

The child, who had been adjudicated to be a child who had engaged in delinquent conduct, was placed on probation after a disposition hearing held on January 31, 1974, in the 72nd District Court of Lubbock County, Texas, sitting as a juvenile court. In its First Amended Petition to Modify Disposition, the Lubbock County Criminal District Attorney's Office, on behalf of the State of Texas, alleged that on or about March 4, 1974, while such probation was still in full force and effect, the appellant child violated a condition of such probation in that he violated a penal law of this State of the grade of misdemeanor, Section 31.03, Texas Penal Code, V.T.C.A., by unlawfully exercising control over personal property, candy of the value of less than Five ($5.00), without the effective consent of the owner and with the intent to deprive the owner of such property.

The child timely filed his application for trial by jury and his memorandum of law in support of such application prior to trial. The trial court denied the child's application for trial by jury. Also, the child filed a motion for appointment of a psychiatrist and for psychiatric examination, and the trial court granted such motion and appointed a psychiatrist to conduct the examination.

After due notice and hearing before the court without a jury, the court entered its order modifying the previous disposition and committing the child to the care, custody and control of the Texas Youth Council. The child's appeal is predicated on two points of error, asserting (1) that the trial court erred in its denial of the appellant's application for a trial by jury on the issues of (a) whether the appellant had actually engaged in the delinquent conduct alleged as the basis for modification of disposition and (b) whether appellant was not responsible for his conduct as a result of mental disease or defect; and (2) that the court's findings of delinquent conduct supporting the modification of disposition are contrary to the preponderance of the evidence establishing that as a result of mental disease or defect at the time of the alleged delinquent conduct, the child lacked substantial capacity to conform his conduct to the requirements of law.

▊ A significant aspect of the appellant's contention in his first point is that the denial of a jury trial in the hearing to modify disposition in the present case constitutes discrimination in violation of appellant's rights to equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States. This contention is based on the argument that the Family Code of Texas provides for a jury trial in the case of modification of a previous disposition wherein the child was found to have engaged in conduct indicating a need for supervision but does not provide for a jury trial where the prior disposition was based on a finding that the child had engaged in delinquent conduct.

There are three aspects of juvenile proceedings under the Texas Family Code which should be distinguished: (1) *Adjudication Hearing*; (2) *Disposition Hearing*; and (3) *Hearing to Modify Disposition*. As to this case, the pertinent provisions are:

"§ 54.03, Adjudication Hearing

"(a) A child may be found to have engaged in *delinquent conduct* or *conduct indicating a need for supervision* only

after an adjudication hearing conducted in accordance with the provisions of this section."

\*    \*    \*    \*    \*    \*

"(c) Trial shall be by jury unless jury is waived in accordance with Section 51.-09 of this code."

"§ 54.05 Hearing to Modify Disposition

"(c) *There is no right to a jury at a hearing to modify disposition.*" (emphasis added)

\*    \*    \*    \*    \*    \*

"(g) A disposition based solely on a finding that the child engaged in conduct indicating a need for supervision may not be modified to commit the child to the Texas Youth Council. A new finding in compliance with Section 54.03 of this code must be made that the child engaged in delinquent conduct as defined in Section 51.03(a) of this code."

The appellant asserts that the refusal of his timely demand for jury trial was error because a juvenile in a modification hearing who had previously been found to have engaged in conduct indicating a need for supervision would be entitled to a jury trial under § 54.05(g), V.T.C.A., by virtue of the requirement of a new finding in compliance with § 54.03. It is noted that the *new* finding in compliance with 54.03, which includes right of jury trial, must be a finding that the child has engaged in delinquent conduct as defined in Section 51.03(a) of the code. Section 51.03 specifically defines (a) delinquent conduct and (b) conduct indicating a need for supervision. In general, delinquent conduct involves conduct of a more serious nature than conduct indicating need for supervision. Specifically, delinquent conduct includes penal offenses, other than traffic offenses, punishable by imprisonment or confinement in jail, while conduct indicating a need for supervision includes penal offenses, other than traffic offenses, of the grade of misdemeanor, pun-

ishable by fine only. Also, in the original Disposition Hearing (Section 54.04), if the court or jury found at the conclusion of the Adjudication Hearing (Section 54.03) that the child had engaged in delinquent conduct, the court may commit the child to the custody of the Texas Youth Council. It is apparent that these statutes demonstrate a public policy of the state that no child shall be committed to the custody of the Texas Youth Council unless and until the child is found to be a child engaged in *delinquent conduct*—conduct of the more serious nature than that "indicating a need for supervision." No contention is made by the appellant in this case that he was deprived of his right to jury trial in the original adjudication hearing.

Appellant's argument as to violation of rights with respect to equal protection of the laws rests primarily upon the assertion that the "finding," applicable to a child previously found as a child indicating need for supervision, in compliance with § 54.03, must include a jury trial, while no jury trial is provided for a modification of disposition under § 54.05(c) for a child who was previously adjudicated as a child engaged in delinquent conduct. The two sections of the Family Code here involved, Sections 54.03 and 54.05, address two separate stages or aspects of the juvenile proceedings. While a child is entitled to a jury trial under § 54.03 of the Family Code in an Adjudication Hearing, a juvenile is not entitled to a jury trial in either the original disposition hearing or in a Hearing to Modify Disposition. Subsection (g) of § 54.05 does not create any special exception to the express statutory language of § 54.05(c) which provides for a non-jury hearing on the specific question of modification of disposition as to any child who had previously been adjudicated as a child engaged in delinquent conduct, the more serious of the offenses dealt with in juvenile proceedings.

Under § 54.05(g), a child whose previous disposition was based solely on a finding

that the child engaged in conduct indicating a need for supervision, the less serious of the offenses involved, cannot have a direct modification of disposition from such status to a committal to the Texas Youth Council. It is required under § 54.05(g) that there be a new or independent finding in compliance with § 54.03, i. e., an adjudication proceeding with a right of jury, unless properly waived, that the child is found as one engaged in delinquent conduct, the more serious of the juvenile offenses. Such child originally found as one indicating a need for supervision could not have been originally committed to the Texas Youth Council, although it was possible for one found to be engaged in delinquent conduct to have been committed to the Texas Youth Council in his original disposition proceeding.

After the new finding that the child originally found as one indicating need for supervision is a child who has engaged in delinquent conduct, such child is then in the identical status of any other child found to have engaged in delinquent conduct, subject to disposition which may be accorded any child of such status; and an appropriate disposition order, after notice and hearing, may be entered without a right of trial by jury. It is our opinion that the requirement that the child not be subject to committal to the custody of the Texas Youth Council until after a finding that he is a child who has engaged in delinquent conduct, the more serious offender, is not an unreasonable classification or is not without a rational basis with respect to a legitimate state interest. *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1110, 6 L.Ed.2d 393 (1961).

As above shown, a juvenile offender who has been adjudicated to be a child engaged in delinquent conduct has no right to a jury trial regarding the hearing or disposition or modification of disposition. Thus, we find no discrimination with respect to right of trial by jury as to a child who is in the category of a child who has engaged in

delinquent conduct. A child originally adjudged to have engaged in conduct indicating a need for supervision, after the prescribed procedure and a new finding as being a child engaged in delinquent conduct, has no different right with respect to a jury trial on the *disposition aspect* than any other child declared as one engaged in delinquent conduct.

In view of our holding that the applicable statutes do not discriminate between juvenile offenders with respect to their right to jury trial once they have been adjudicated as a child engaged in delinquent conduct, we deem it unnecessary to discuss the respective authorities submitted regarding constitutionally permissible classifications. In any event, we do not regard the proceedings under the provisions of the Texas Family Code with respect to Modification of Disposition in this case to be violative of any fundamental right or that the statutory proceedings here involved fail to have in all essential respects a rational basis in relation to a legitimate state interest. See *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); and *McGowan v. Maryland, supra.*

We note that Section 55.05(c) of the Family Code provides that the issue of whether the child is not responsible for his conduct as a result of mental disease or defect shall be tried to the court or jury in the *adjudication hearing.* Also, Section 55.05(d) provides that mental disease or defect excluding responsibility must be proved by a preponderance of the evidence. Since this proceeding was a Hearing on Modification of Disposition, rather than an Adjudication Hearing, no trial by jury was required. Further, there had been no suggestion or finding that as a result of mental disease or defect, the child lacked the capacity to understand the proceedings in the juvenile court at this Hearing to Modify Disposition, pursuant to the provisions of Section 55.-04(a).

In view of the foregoing, appellant's first point regarding denial of jury trial with respect to the Hearing on Modification of Disposition, including the question of the alleged violation of the terms of his probation and the question of mental disease or defect excluding responsibility, is overruled.

By point of error no. 2 the appellant asserts that the trial court's finding of delinquent conduct supporting the modification of disposition is contrary to the evidence establishing that, as a result of mental disease or defect at the time of such alleged delinquent conduct, the child lacked substantial capacity to conform his conduct to the requirements of law. Appellant urges his claim under § 55.05 of the Family Code which provides in part:

"(a) A child is not responsible for delinquent conduct . . . if at the time of such conduct, as a result of mental disease or defect, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law."

\*        \*        \*        \*        \*        \*

"(d) Mental disease or defect excluding responsibility must be proved by a preponderance of the evidence."

The appellant asserts that the evidence presented at the modification hearing preponderates in favor of exclusion of the child's legal responsibility for his actions and conduct alleged as basis for modification. Dr. Harold M. Erickson, a child and adolescent psychiatrist appointed by the court to examine the child, testified that his examination of the child indicated a personality disorder which he termed "asocial personality." According to Doctor Erickson, the child had a concept of right and wrong "in the concrete sense," but that in various stress situations it became difficult for the child to conform his conduct to the requirement of law; or as stated in the report to the court, " '. . . He has a concept of "right and wrong" but is insufficiently motivated to always adhere to the right.' "

The matter of the weight and credibility of the evidence submitted, in whole or in part, was for the court's determination. The trial court apparently concluded that the disorder revealed by Doctor Erickson's examination was not of such a nature as to deprive the child of "substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." From our review of the record, we cannot say that the finding is against the greater weight and preponderance of the evidence submitted. Further, we have reviewed and considered the various alternatives submitted relative to the question of modification of disposition, and it is our opinion that it has not been established that the court's order to commit the child to the care, custody and control of the Texas Youth Council constituted an abuse of judicial discretion. Appellant's second point is overruled.

For the reasons above stated, the judgment of the trial court is affirmed.