v.

**The STATE of Texas, Appellee.**

**No. 8747.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 27, 1980.

Clayton L. Hall, Clarksville, for appellant.

Pat F. Beadle, County Atty., Clarksville, for appellee.

WILLIAM J. CORNELIUS, Chief Justice.

This is an appeal from an order of the District Court, sitting as Juvenile Court, committing appellant, a fifteen year old boy, to the custody of the Texas Youth Council.

On November 3, 1978, the court found that appellant had engaged in delinquent conduct and placed him under probation in the custody of his mother, with supervision by the juvenile probation officer, for a period of one year, with provision for extension of the probationary period for additional one year terms. One of the conditions of the probation was that appellant commit no offense against the laws of the State of Texas. On January 16, 1979, the prosecut-

ing attorney filed a motion to modify the prior disposition, alleging that appellant had committed the offense of unlawful entry of a habitation with the intent to commit theft. The motion was subsequently · amended to charge only that appellant had committed the offense of criminal trespass. After a hearing the court revoked appellant's probation and committed him to the custody of the Texas Youth Council.

Appellant presents four points of error. The first asserts that the court's order failed to state specifically the reasons for its modification of the prior disposition.

Texas Family Code Ann. § 54.05(i) provides that,

"(i) The court shall specifically state in the order its reasons for modifying the disposition and shall furnish a copy of the order to the child."

The order in question here stated the reasons for modification as:

". . . the child has clearly shown a need· for structural guidance, psychological counseling, and an introduction to a proper standard of moral conduct."

In that respect the order is insufficient. Section 54.05(i) contemplates more than merely reciting the statutory language or using other general terms. The modifying order must specifically recite the conduct or the offense which prompted the court to make the modification. *A——— Y——— v. State*, 554 S.W.2d 805 (Tex.Civ.App.1977), and cases there cited. Ordinarily this defect in the order could be cured by correcting the order to state the appropriate reasons, and a reversal would not be required (*A——— Y——— v. State*, supra), but a reversal in this instance is necessary because of appellant's point complaining of the insufficiency of the evidence to support a finding that appellant committed the offense of criminal trespass.

Under Tex. Penal Code Ann. § 30.05, an essential element of criminal trespass, as charged in this case, is entry upon another's premises, and entry is defined as "the intrusion of the *entire* body." (Emphasis supplied.) The only evidence adduced by the State to show the offense was the following: Mr. and Mrs. Crawford testified that upon returning home Christmas morning ·after staying the night with relatives, they found a back room window broken, and that it appeared that some of their dresser drawers might have been disturbed.[1] Nothing was missing from the Crawford's apartment and no other damage was found. Fingerprints were subsequently lifted from the rubber molding on the window divider, and the prints were identified at the trial as being identical to those of appellant's. No other evidence connecting appellant to the crime was produced, except that he was shown to have been at another apartment some two doors down from the Crawford's apartment for some time during Christmas Eve. Appellant testified, together with several of his companions who were with him on Christmas Eve, and they all asserted that they were together continually and did not go to the Crawford's apartment on the night in question. Appellant did testify that he was well acquainted with the Crawfords and had been in their apartment on several previous occasions, including the room where the window was broken, and had on occasions played with the Crawford's children there.

Proof that appellant committed the alleged act must have been made beyond a reasonable doubt. Tex. Family Code Ann. § 54.05(f). Such proof, of course, can be by circumstantial evidence, as well as by direct evidence. But when circumstantial evidence is relied upon, it is necessary that each circumstance necessary to the conclusion sought to be established by proved by competent evidence beyond a reasonable doubt, and the circumstances so proven must then exclude to a moral certainty every other reasonable hypothesis except the single one that the defendant is guilty. *Duncan v. State*, 137 Tex.Cr.R. 226, 128

---

1. The testimony on this point is equivocal. Mrs. Crawford testified that nothing appeared to have been disturbed. Mr. Crawford later testified that it seemed to him as if some of the drawers might have been disturbed.

S.W.2d 810 (1939); *Parish v. State*, 85 Tex. Cr.R. 75, 209 S.W. 678 (1919); *Greer v. State*, 437 S.W.2d 558 (Tex.Cr.App.1969). In other words, if the facts proven can be explained by any reasonable hypothesis consistent with the defendant's innocence, a conclusion that he committed the act cannot stand. *Beason v. State*, 43 Tex.Cr.R. 442, 67 S.W. 96, 69 L.R.A. 193 (1902).

▇ We conclude that the facts proven here do not meet the required standard. The fingerprints on the window divider are evidence of appellant's identity, and that he had been at the window; but such evidence unaided by any other fact is insufficient under all the facts and surrounding circumstances of this case to warrant the conclusion that he entered the premises. It does not exclude several other reasonable hypotheses consistent with appellant's innocence. Circumstances raising only a strong suspicion that appellant entered the apartment are not sufficient. *Caudillo v. State*, 167 Tex.Cr.R. 147, 318 S.W.2d 891 (1958). In ascertaining whether the guilt of the accused has been established to a moral certainty, the appellate court will review the evidence in light of the presumption that the accused is innocent. The court will not presume any acts against the accused that are not shown to have been committed by him. *Greer v. State*, supra.

▇ Having found that reversal is necessary because of the insufficiency of the circumstantial evidence, the decisions of the United States Supreme Court in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), prohibit another trial of the charge and require that the motion to modify the prior disposition be dismissed.

It is so ordered.