**In the Matter of A.M.B., a Minor.**

**No. 01–83–0636–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Sharon L. Fisher, Patsy Young, Houston, for appellant.

Cynthia Bennett, Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from an order committing appellant to the Texas Youth Commission.

In April, 1983, the appellant was found to have engaged in delinquent conduct, was placed on probation, and was released into his mother's custody. One of the conditions of probation was that appellant should not violate any law of the state. In August, 1983, appellant was found to have committed the offense of sniffing intoxicants in public, or public intoxication.

Consequently, appellant's probation was revoked, and he was committed to the care and custody of the Texas Youth Commission.

On appeal, appellant raises four points of error.

In the first two points of error, appellant contends that the incriminating circumstances used to find that appellant engaged in delinquent conduct were not sufficient to sustain the revocation of appellant's probation.

The Texas Family Code, sec. 54.-05(f), provides that proof of an alleged act must be made beyond a reasonable doubt in a hearing to modify the prior disposition. When circumstantial evidence is used to prove the alleged act, however, each circumstance necessary to the conclusion sought to be established must be proved by "competent evidence beyond a reasonable doubt." *K.W.H. v. State*, 596 S.W.2d 248, 250 (Tex.Civ.App.—Texarkana 1980, no writ). Furthermore, the circumstances so proven, must exclude every other reasonable hypothesis except that of guilt, and evidence amounting only to a strong suspicion is insufficient. *Flores v. State*, 551 S.W.2d 364 (Tex.Crim.App.1977). The evidence will be insufficient to sustain a conviction if it fails to show the accused's guilt to a moral certainty, so as to exclude all reasonable doubt. *Id.* at 367. See also *K.W.H., supra* at 250. If the circumstances proven can be explained by "any reasonable hypothesis consistent with defendant's innocence, a conclusion that he committed the act cannot stand." *Id.* at 251.

In the instant case, appellant was found to have been publicly intoxicated solely on the basis of Constable Harris' testimony. Constable Harris testified that he observed five subjects walking down the middle of a public street, passing a can of Texas Super Coat and holding plastic bag-

gies up to their noses as if to inhale. Constable Harris also testified that appellant exhibited signs of a person intoxicated on toluene, a component of Texas Super Coat; appellant's eyes were extremely red, his nose was watering, and his demeanor was belligerent, and paranoiac. The constable believed that appellant was endangering himself by walking down a "medium travelled" street which was strewn with rubbage, or by possibly crossing the railroad tracks which were nearby.

The constable did not actually see appellant sniff from the can of Texas Super Coat, or see him hold the can and the baggies. However, he did smell toluene on appellant's breath. The constable concluded appellant was belligerent because appellant refused to give his correct address and answered the constable's questions in an unresponsive manner. However, appellant did not use offensive language or make threatening physical advances. Appellant also appeared extremely agitated and nervous and "overly scared" about the situation. From the above mannerisms, Constable Harris concluded that appellant was belligerent, paranoid, and under the influence of toluene.

On cross examination, Constable Harris admitted that appellant's symptoms of intoxication were also common symptoms of colds and allergies. Appellant testified that since the street on which he was walking had no sidewalks, he was forced to walk in the street. He also testified that he was walking away from the group when Constable Harris approached him. According to appellant, his eyes were red and watery because a tooth which had just been pulled, was causing him considerable pain. Appellant denied inhaling any of the toluene.

The court had before it the testimony of both the appellant and the officer who had on numerous occasions arrested persons for public intoxication arising from the inhalation of toluene. We hold that the evidence was sufficient to support the finding that the appellant had engaged in delinquent conduct.

Appellant contends that Texas Family Code, sec. 54.05(c) is unconstitutional. Section 54.05 provides in part:

Section 54.05 HEARING TO MODIFY DISPOSITION

(a) Any disposition, except a commitment to the Texas Youth Council, may be modified by the juvenile court as provided in this section until:

(1) the child reaches his 18th birthday; or

(2) the child is earlier discharged by the court or operation of law.

(b) All dispositions automatically terminate when the child reaches his 18th birthday.

*(c) There is no right to a jury at a hearing to modify disposition.*

\*   \*   \*   \*   \*   \*

(f) A disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Council if the court after a hearing to modify disposition finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court. (Emphasis added)

The appellant argues that Section 54.05(c) unconstitutionally denies the right to a trial by jury in a modification of disposition hearing where a determination of delinquency is made based upon a criminal charge. According to appellant, the denial of a right to a jury trial violates art. 5, sec. 10 of the Texas Constitution which provides the right of a trial by jury in the trial of all causes in the District Courts.

Appellant compares the right to a jury trial in an adult probation revocation hearing to the "alleged" right to a jury trial in a modification of disposition hearing. However, appellant's comparison must fail because a probationer is *not* entitled to a jury at a revocation of probation hearing. *Munoz v. State*, 485 S.W.2d 782 (Tex.Crim. App.1972). Additionally, the court has consistently held that a revocation hearing is not a "trial" as the term is used by the Constitution in reference to criminal cases, because the defendant "... does not go to

the penitentiary for violation of probation, but because of his original conviction..." *Hood v. State*, 458 S.W.2d 662, 663 (Tex. Crim.App.1970). See also *Hulsey v. State*, 447 S.W.2d 165 (Tex.Crim.App.1969); *Dunn v. State*, 159 Tex.Cr.R. 520, 265 S.W.2d 589 (1954).

A similar issue was decided by the court in *In the Matter of E.B.*, 525 S.W.2d 543 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.), *cert. denied*, 424 U.S. 917, 96 S.Ct. 1119, 47 L.Ed.2d 323 (1976). The court found that it was not a denial of equal protection or due process to deny a jury trial in a modification of disposition hearing under sec. 54.05(c) where the child had been previously adjudicated as "a child engaged in delinquent conduct." *Id.* at 545.

The court based its holding on the fact that the children who have been previously adjudicated as engaging in delinquent conduct were afforded a jury trial at the original disposition hearing and at that time, could have been committed to the custody of the Texas Youth Council. *See* sec. 54.03 Tex.Fam.Code. The court found no violation of any fundamental right. *Id.* at 546. The appellant's points of error three and four are overruled.

The trial court's judgment is affirmed.