**In the Matter of J.B.S., Jr., a Juvenile.**

**No. 04–84–00372–CV.**

Court of Appeals of Texas, San Antonio.

July 31, 1985.
Rehearing Denied Sept. 24, 1985.

Arnold L. Levey, David L. Willis, San Antonio, for appellant.

Carmen Kelsey, Asst. Dist. Atty. Daniel Thornberry, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a modification order in a juvenile case. Appellant previously had been found to be a child engaged in delinquent conduct and was placed on probation. The trial court, after a hearing, found the allegations in the motion to modify disposition to be true. Appellant was committed to the custody of the Texas Youth Council.

The specific complaint at the hearing to modify appellant's disposition as a juvenile delinquent was that he had missed ten or more days or parts of days from school without an excused absence. The motion asserts that appellant voluntarily absented himself without excuse from the Healy Murphy School by failing to attend school on March 26, 27, 28, 30, 1984, and April 2, 3, 4, 5, 6, 12, 13 and 17, 1984. Two other charges were waived by the State.

Appellant challenges the sufficiency of the evidence to establish proof of the allegations in the motion beyond a reasonable doubt. Generally, a collateral attack on a judgment based on an adjudication and disposition hearing will not be permitted unless fundamental error is evident. *In the Matter of A.B.R.*, 596 S.W.2d 615, 617 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *In the Matter of D.E.P.*, 512 S.W.2d 789, 791 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). The due process clause of the fourteenth amendment to the United States Constitution requires that proof of the allegation in the complaint must be established beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The State's burden to establish proof of the allegation beyond a reasonable doubt can be shown by direct and circumstantial evidence. *K.W.H. v. State*, 596 S.W.2d 248, 250 (Tex.Civ.App.—Texarkana 1980, no writ). If the circumstantial evidence supports an inference other than the guilt of appellant, a finding of guilt beyond a reasonable doubt is not a rational finding, irrespective of the character of the evidence. *Freeman v. State*, 654 S.W.2d 450, 456 (Tex.Crim.App.1983); *see also* TEX. FAM.CODE ANN. § 54.05(f) (Vernon Supp.1985).

The petition to modify disposition is predicated on section 51.03(b)(2) of the Family Code which in pertinent and relevant part provides as follows, viz:

(b) Conduct indicating a need for supervision is:

\* \* \* \* \* \*

(2) The unexcused voluntary absence of a child on 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period from school.

Subsection (d) of section 51.03, *supra*, provides: For the purpose of Subsection (b)(2)

of this section an absence is excused when the absence results from:

(1) illness of the child;

(2) illness or death in the family of the child;

(3) quarantine of the child and family;

(4) weather or road conditions making travel dangerous;

(5) an absence approved by a teacher, principal, or superintendent of the school in which the child is enrolled; or

(6) circumstances found reasonable and proper.

■ In this case the State sought to discharge its burden of proving the allegations in the complaint, beyond a reasonable doubt, by reliance on the school's definition of unexcused absence. The school considered an absence unexcused if there was no note from a parent or a confirmation by telephone from a parent stating a reason for the absence. The statute does not require a note from the parents. There is evidence that appellant was sick during some of the days he was absent from school as alleged in the State's complaint. Sister Boniface, assistant director of the Healy Murphy School, did testify that appellant was absent from school, without excuse, on March 26, 27, 29, 30, and on April 2, 3, 4, 5, 6, 12, 13 and 17. But this witness later in her testimony admitted that some of the absences could have been excused. When asked if appellant's absences were excused, she replied, "That's possible, but I don't have any documentation." Appellant's father testified that "a couple of times" he had signed notes for excused absences as a result of appellant's illness. There is evidence that on several of the days when appellant was absent from school he stayed with his grandmother. The State did not call the grandmother as a witness; she could have confirmed or denied whether appellant was ill. The State has failed to establish proof, beyond a reasonable doubt, that appellant's absence from school was voluntary and unexcused.

■ Moreover, the court's affirmative finding that appellant voluntarily was ab-

sent from school without excuse for ten or more days or parts of days cannot be interpreted as delinquent conduct. Section 51.-03(b)(2), *supra*, specifically provides that a child's unexcused voluntary absence from school constitutes conduct indicating a need for supervision. Therefore, appellant cannot be committed to the Texas Youth Council without a new finding that he engaged in delinquent conduct. *See In the Matter of A.L.H.*, 517 S.W.2d 652, 653 (Tex.Civ. App.—Houston [1st Dist.] 1974, no writ). The assignment of error concerning the challenge to the sufficiency of the evidence to support the judgment is sustained.

■ Secondly, appellant complains that the trial court's affirmative finding was not made pursuant to the provisions of the Family Code, section 54.05(d). This statute provides that when a petition to modify is filed under section 51.03(a)(2) of the Family Code, the court must hold an adjudication hearing and make an affirmative finding prior to considering written reports under subsection (2) of this section. Subsection (e) provides in pertinent part, viz:

> After the hearing on the merits or facts, the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of other witnesses.

It is apparent from this record that the trial court failed to follow the mandatory procedure prescribed by section 51.03(d), *supra. See In the Matter of D.W.M.*, 562 S.W.2d 851, 852 (Tex.1978).

The trial court first heard the unsworn testimony of the probation officer and thereafter rendered its affirmative finding without giving appellant an opportunity to review the written data, reports or records from which the probation officer testified. Furthermore, appellant was not given an opportunity to present rebuttal testimony. Therefore, the proceedings to modify disposition did not afford appellant the essentials of "due process and fair treatment." *In the Matter of S.J.C.*, 533 S.W.2d 746, 748 (Tex.1976); U.S. CONST. amend. V &

**226**

XIV; TEX. CONST. art. I, § 19. Points of error two and three are sustained.

Accordingly, the judgment is reversed and the cause rendered. *Appellant is ordered discharged from custody.* *K.W.H. v. State,* 596 S.W.2d 248, 251 (Tex.Civ.App.—Texarkana 1980, no writ).

CADENA, Chief Justice, concurring.

I concur in the result on the ground that the State failed to prove that appellant's absences were unexcused.

CANTU, J., concurs.