In the Matter of R.J.W., a Juvenile.

No. 01–88–00788–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 4, 1989.

James C. Erickson, Bryan, for appellant.

Bill Turner, Dist. Atty. and Reva L. Towslee Morton, Asst. Dist. Atty., Brazos County, Bryan, for appellee.

Before DUNN, WARREN and HUGHES, JJ.

## OPINION

DUNN, Justice.

A jury found that appellant, a 15-year-old juvenile, engaged in delinquent conduct in that he committed the offense of theft of a motorcycle, the value of which is between $200 and $750. At the disposition hearing, the court found appellant to be in need of rehabilitation and committed him to the Texas Youth Commission.

On the night of May 30, 1988, or in the early morning hours of May 31, 1988, Twin City Honda, in Bryan, Texas, was burglarized. Entry into the building was gained by breaking a large window. Four motorcycles, which were locked inside when the business closed that evening, were found in the parking lot of the business. During the investigation of the burglary, a palm print, belonging to appellant, was found on one of the bikes. Another four motorcycles, which were ultimately recovered, were missing from the business. Appellant's thumb print was lifted from one of the recovered bikes.

At approximately 4:09 a.m., on May 31, 1988, a person identifying himself as appellant called the Bryan Police Department's 911 emergency line. He inquired about the burglary at the Twin City Honda, before the burglary was reported to the police. All 911 calls are recorded by the police department. Over objection, the tape of appellant's phone call was admitted into evidence in his trial.

Appellant brings two points of error: (1) the trial court erred in admitting the tape recording of statements made over a telephone line, because the State was unable to satisfy the requirements for the admission of both a recording and a telephone conversation; and (2) the evidence is insufficient to support a verdict finding appellant guilty of theft of a motorcycle.

The proper foundation for the admission of a sound recording was established in *Edwards v. State*, 551 S.W.2d 731 (Tex. Crim.App.1977). The seven-pronged predi-cate includes: (1) a showing that the recording device was capable of taking testimony; (2) a showing that the operator of the device was competent; (3) establishment of the authenticity and correctness of the recording; (4) a showing that changes, additions, or deletions have not been made; (5) a showing of the manner of the preservation of the recording; (6) identification of the speakers; and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement. *Id.* at 733. Reasonably strict adherence to the seven requirements is required for the admission of sound recordings. *McEntyre v. State*, 717 S.W.2d 140, 146 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd).

Appellant challenges the sufficiency of the State's predicate with regard to the identification of the speakers. At trial, the custodian of the tape recording could not identify appellant's voice. The 911 operator who took the call did not testify. However, the State produced appellant's probation officer, who testified that he knew appellant, knew his voice, had listened to the tape, and recognized appellant's voice on the tape. We know of no authority that would disallow identification of the voice by the probation officer simply because he was not a party to the conversation.

In any case, there are two long-accepted ways to establish the identity of a voice in a telephone conversation. *Sorce v. State*, 736 S.W.2d 851, 859 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). Where the telephone message reveals that the speaker had knowledge of acts that only the speaker would be likely to know, identity is sufficiently established. *Id.* at 859; *see Earnhart v. State*, 582 S.W.2d 444, 448–49 (Tex. Crim.App.1979). Where a telephone call is made to a business office over a line maintained for business purposes, the conversation will be admitted in evidence if the person who answers represents that he is the person called and is the one authorized to take the message and there is no proof to the contrary. *Gleason v. Davis*, 155 Tex. 467, 289 S.W.2d 228, 232 (1956).

In this case, the identity of the person calling, rather than the recipient of the call,

is at issue. However, the distinction is without merit. *See Sorce v. State*, 736 S.W.2d at 859. Within a few hours of the discovery of the burglary and thefts, appellant called the police department on the 911 line and identified himself. He relayed information that he was aware of the recent thefts, although the crime had not yet been reported. No proof to the contrary was offered at trial. The combination of self-identification and circumstantial evidence sufficiently established the identity of the speaker. *Id.*

The determination of whether a party has complied with the proper predicate for the introduction of tape recordings is discretionary with the trial court. On appellate review, an abuse of this discretion must be shown before an appellate court can find error in admitting the tapes into evidence. *McEntyre v. State*, 717 S.W.2d at 146. Appellant has failed to show any abuse of discretion by the trial court in admitting the tape recording into evidence.

Appellant's first point of error is overruled.

In his second point of error, appellant challenges the sufficiency of the evidence to support the verdict. The State argues that because appellant did not file a motion for new trial, pursuant to Tex.R.Civ.P. 324(b), he failed to preserve the issue for appeal.

We recognize that juvenile proceedings are governed, as far as practicable, by the rules relating to civil procedure, and are civil in nature. *Brenan v. Court of Civil Appeals, Fourteenth Dist.*, 444 S.W.2d 290, 292 (Tex.1968). However, we have found no authority that specifically addresses the applicability of rule 324(b) to juvenile delinquency proceedings.

■ While delinquency proceedings are civil in nature, the protections and due process requirements are similar to those in adult criminal prosecutions. The strict standards applied in criminal law are also applicable to protect the juvenile in this civil, yet quasi-criminal, proceeding. *In re D.B.*, 594 S.W.2d 207, 209 (Tex.Civ.App.—Corpus Christi 1980, no writ).

The prerequisite for appeal, in civil cases, to file a motion for new trial to challenge the sufficiency of the evidence to support the jury findings, is necessarily related to the burden of proof in a civil trial. However, in a delinquency proceeding, the State is required to prove the elements of the crime beyond a reasonable doubt, as in an adult prosecution, and not by a preponderance of the evidence. *George v. State*, 506 S.W.2d 275, 278 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). A motion for new trial is not required as a prerequisite to challenge the sufficiency of the evidence in a criminal appeal. It reasonably follows that, because the burden of proof in a delinquency proceeding is the same as in a criminal prosecution, a motion for new trial should not be required to challenge the sufficiency of the evidence.

■ Although we question the applicability of rule 324(b) to delinquency proceedings, we need not decide the question. Based upon the evidence we have reviewed in response to point of error one, we find that the evidence is sufficient for the jury to have found beyond a reasonable doubt that appellant committed the offense for which he was found guilty.

Appellant's palm and thumb prints were found on two of the motorcycles removed from the business. At four in the morning, before the burglary was discovered or reported, appellant called into the police station, stating facts that established he knew of the burglary. His voice was identified by his probation officer. Appellant argues that the evidence does not exclude the possibility that appellant went into the shop during business hours, and touched the bikes while looking at them. However, the owner of the business testified that wiping off the motorcycles was a daily, routine chore at the shop. Therefore, it was improbable that appellant's prints would have been on two motorcycles from earlier in the day. Appellant's hypothesis of innocence is not reasonable in light of the facts of this case. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984).

The judgment of the trial court is affirmed.