846 S.W.2d 97 (1992)
In the Matter of M.R.
No. 2-91-243-CV.
Court of Appeals of Texas, Fort Worth.
December 22, 1992.
Rehearing Overruled February 16, 1993.
*98 T.A. Menikos, Law Offices of T.A. Menikos, Arlington, for appellant.
*99 Tim Curry, Crim. Dist. Atty., Lynn Allison, Barbara Medley, Jana Allison, Asst. Dist. Attys., Fort Worth, for appellee.
Before WEAVER, C.J., and MEYERS and DAY, JJ.

OPINION
WEAVER, Chief Justice.
A jury found that appellant, a minor, had engaged in delinquent conduct by committing murder in violation of Tex.Penal Code Ann. § 19.02 (Vernon 1989) during a drive by shooting in which one person was killed. In accordance with the jury's verdict, the trial court ordered commitment to the Texas Youth Commission for a period not to exceed twenty-five years with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice.
We affirm.
On the night of the drive by shooting, a group of persons were gathered in front of the residence of Ofelia Davila. Ofelia's boyfriend, Marco Martinez, arrived after having been told by Ofelia previously that evening that she no longer wished to see him. Ofelia's nephew confronted Marco and the two men began fighting. After the fight was broken up, Marco and Ofelia left and went to appellant's residence. Marco's brother, Juan, was there. Marco told Juan and appellant about the incident with Ofelia's nephew. Juan and appellant then got into a black Fiero. Juan was driving and appellant was on the passenger side. The black Fiero drove by Ofelia's residence within five to ten minutes after Ofelia and Marco left her house. When the vehicle initially drove by, shots were fired from the passenger side of the Fiero into the crowd of people gathered in front of the residence. The Fiero then made a Uturn and more shots were fired into the crowd when the vehicle again drove by. Witnesses testified that on the second pass, the shots were fired from the passenger side of the car, with the gunman sitting on the passenger-side window and shooting over the car's roof. One of the persons gathered in front of the residence, Rafael Melendez, another nephew of Ofelia, was struck by a bullet during the first drive by and died later that night from gunshotinflicted wounds. Shortly after the shooting, a black Fiero was seen heading toward appellant's residence.
The State filed a delinquency petition alleging that appellant, then fourteen years of age, had engaged in delinquent conduct by murdering Melendez. Appellant was found to be delinquent and in need of rehabilitation by a jury, and was committed to the Texas Youth Commission for a period not to exceed twenty-five years with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice upon his eighteenth birthday. Appellant raises two points of error on appeal.
Appellant's first point of error alleges that the trial court erred in denying appellant's motion for a directed verdict and motion for acquittal because the evidence was both legally and factually insufficient to support a finding of delinquency. Appellant contends that the evidence was insufficient to permit a jury to find that appellant was the person in the car who did the shooting, that appellant intended to kill Melendez, and that appellant intended to shoot Melendez with a firearm.
We first address appellant's "no evidence" challenge. See Glover v. Texas Gen. Indent. Co., 619 S.W.2d 400, 401 (Tex. 1981). When a child challenges the legal sufficiency of the evidence by a "no evidence" point, the appellate court is required to consider only the evidence and inferences tending to support the findings under attack. In re L.G, 728 S.W.2d 939, 943 (Tex.App.Austin 1987, writ refd n.r.e.), citing In re A.B.R., 596 S.W.2d 615, 618 (Tex.Civ.App.Corpus Christi 1980, writ ref'd n.r.e.). See also Sherman v. First National Bank, 760 S.W.2d 240, 242 (Tex.1988) (per curiam); Larson v. Cook Consultants, Inc., 690 S.W.2d 567, 568 (Tex.1985); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661-62 (1951) (per curiam). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the *100 finding upheld. In re King's Estate, 244 S.W.2d at 661-62.
A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. Commonwealth Lloyd's Ins. Co. v. Thomas, 678 S.W.2d 278, 288 (Tex.App.Fort Worth 1984, writ ref'd n.r.e.); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).
The record is devoid of any direct evidence to support the jury's delinquency finding, but it does contain circumstantial evidence to support it. In support of its allegation that appellant was delinquent, the State offered evidence that several minutes before the shooting, appellant was seen entering the passenger side of the black Fiero. Four witnesses testified that the shots came from the passenger side of the black Fiero. There was testimony that the owner of the Fiero, Juan Martinez, only allowed family members to drive the automobile, that Martinez entered the driver's side at the same time appellant entered the passenger side, and that appellant was not a member of Martinez's family. We find that this circumstantial evidence constitutes some evidence supporting the jury's delinquency finding.
We next turn to the factual sufficiency of the evidence. Point of error one argues, in the alternative, that there was "insufficient evidence as a matter of law" to support the jury's delinquency finding. The State asserts that the wording of this point of error raises a legal sufficiency challenge, but not a factual sufficiency challenge. Specifically, the State argues that the effect of using the phrase "as a matter of law" immediately following the words "insufficient evidence" is to raise a no evidence challenge instead of an insufficient evidence challenge. Under the circumstances of this appeal, we disagree.
Points of error are to be liberally construed in order to obtain a just, fair and equitable adjudication of the rights of the litigants. Pool v. Ford Motor Co., 715 S.W.2d 629, 633 (Tex.1986), quoting Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). Tex.R.App.P. 74(p). In construing points of error, we look not only to the wording of the point of error, but also to the argument under the point to determine as best we can the intent of the party. Pool, 715 S.W.2d at 633. It is obvious from the wording of appellant's first point of error that appellant intended it to raise a factual sufficiency challenge as well as a legal sufficiency challenge. The wording of the point of error itself raised "insufficient evidence" in the alternative. The argument made under the point of error sets forth evidence from the entire record to support a factually insufficient allegation. We construe point of error one as raising an insufficient evidence challenge.
The State also asserts that if point of error one raises a factual sufficiency challenge, the matter was not preserved for appeal because appellant did not file a motion for new trial. In dicta, our sister court of appeals would reach inapposite results on the issue of the applicability of Texas Rule of Civil Procedure 324(b)'s requirement of a motion for new trial to preserve complaints of factual sufficiency in juvenile delinquency proceedings. See In re R.J.W., 770 S.W.2d 103, 105 (Tex.App. Houston [1st Dist.] 1989, no writ); In re S.D.W., 811 S.W.2d 739, 749 (Tex.App. Houston [1st Dist] 1991, no writ).
Juvenile proceedings are governed, as far as practicable, by the rules of civil procedure, and are civil in nature. Brenan v. Court of Civil Appeals, Fourteenth Dist, 444 S.W.2d 290, 292 (Tex.1968). Tex. Fam.Code Ann. § 51.17 (Vernon 1986). The rules of civil procedure provide that, in order to preserve a factual sufficiency point of error, a motion for new trial complaining of the insufficiency must be filed. Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex.1991). Tex.R.Civ.P. 324(b)(2).
*101 While delinquency proceedings are civil in nature, the protections and due process requirements are similar to those in adult criminal prosecutions. The strict standards applied in criminal law are also applicable to protect the juvenile in these civil, yet quasi-criminal, proceedings. In re R.J. W., 770 S.W.2d at 105; In re D.B., 594 S.W.2d 207, 209 (Tex.Civ.App.Corpus Christi 1980, no writ).
The prerequisite for appealing factual sufficiency in civil cases, filing a motion for new trial to challenge the sufficiency of the evidence to support the jury findings, is necessarily related to the burden of proof in a civil trial. In re R.J.W., 770 S.W.2d at 105; George v. State, 506 S.W.2d 275, 278 (Tex.Civ.AppHouston [1st Dist.] 1974, no writ). However, in a delinquency proceeding, the State is required to prove the elements of the crime beyond a reasonable doubt, as in an adult prosecution, and not by a preponderance of the evidence. In re R.J. W., 770 S.W.2d at 105. A motion for new trial is not required to challenge the sufficiency of the evidence in a criminal appeal. Id. It reasonably follows that, because the burden of proof in a delinquency proceeding is the same as in a criminal prosecution, a motion for new trial should not be required to challenge the sufficiency of the evidence. Id. But see contra In re S.D.W., 811 S.W.2d at 749. It was unnecessary for the R.J. W. Court to resolve this issue because the appellate court found sufficient evidence for the jury to have found beyond a reasonable doubt that appellant committed the offense for which he was found delinquent. In re R.J. W., 770 S.W.2d at 105. On the other hand, the S.D. W. Court held that the failure to file a motion for new trial resulted in waiver of the insufficient evidence challenge on appeal; nevertheless, the court addressed the issue "in the interest of justice." In re S.D. W., 811 S.W.2d at 749. Because of the quasi-criminal nature of juvenile delinquency proceedings, we believe the better practice is to address appellant's factual sufficiency challenge despite his failure to file a motion for new trial. We hold that appellant was not required to file a motion for new trial in a juvenile proceeding in order to preserve a challenge to the factual sufficiency of the evidence.
In reviewing an insufficiency of the evidence point in a juvenile case, the appellate court is required to consider all of the evidence in order to determine whether the evidence supporting the finding is either so weak or the evidence to the contrary so overwhelming that the finding should be set aside and a new trial ordered. In re L.G., 728 S.W.2d 939, 943 (Tex.App. Austin 1987, writ ref'd n.r.e.). In adjudicating a juvenile to be delinquent, the critical inquiry is whether after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Bonham v. State, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), cert, denied, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); In re H.R.A., 790 S.W.2d 102, 103 (Tex. App.Beaumont 1990, no writ); Tex.Fam. Code Ann. § 54.03(f) (Vernon 1986).
The State's burden to establish proof of the allegation beyond a reasonable doubt can be shown by direct and circumstantial evidence. In re J.B.S., 69G S.W.2d 223, 224 (Tex.App.San Antonio 1985, no writ). The State relies on circumstantial evidence to support the factual sufficiency of the evidence. When a case is based entirely on circumstantial evidence, each circumstance necessary to the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt, and the circumstances so proven must then exclude to a moral certainty every other reasonable hypothesis except the single one that the defendant is delinquent. Id.; In re A.M.B., 676 S.W.2d 448, 449 (Tex.App.Houston [1st Dist] 1984, no writ); K.W.H. v. State, 596 S.W.2d 248, 250 (Tex.Civ.App.Texarkana 1980, no writ). In other words, if the facts proven can be explained by any reasonable hypothesis other than the defendant's delinquency, a conclusion that he committed the act cannot stand. K. W.H., 596 S.W.2d at 251.
We are unpersuaded by the State's argument that the reasonable hypothesis analysis is no longer the correct test in light of *102 the Court of Criminal Appeals' abrogation of it in Geesa v. State, 820 S.W.2d 154, 160-61 (Tex.Crim.App.1991). The Geesa opinion dealt with criminal law, while we are here guided by civil law even though that civil law draws heavily upon criminal law precedent in non-juvenile cases. Tex. Fam.Code Ann. § 51.17 (Vernon 1986). Moreover, the Geesa holding was applied with limited prospectivity only. Geesa, 820 S.W.2d at 163-64. Because the case at bar was tried several days before the Geesa opinion was handed down, Geesa would be inapplicable to this case even if the case were governed by criminal law.
We next analyze all of the evidence pursuant to the factual sufficiency challenge to determine whether the circumstantial evidence, when evaluated pursuant to the reasonable hypothesis test, supports the jury's delinquency finding. Appellant asserts that the circumstantial evidence fails to exclude every reasonable hypothesis other than appellant's delinquency. According to appellant, the evidence is susceptible to interpretations inconsistent with the appellant's delinquency. Specifically, appellant argues that the State's evidence failed to negate the possibilities that appellant exited the vehicle before the drive-by shooting occurred, that appellant and Juan switched places in the vehicle after they left appellant's house, or that someone else entered the vehicle after Juan and appellant left appellant's house and before the drive-by shooting.
The timing of the events is crucial to our analysis. Five to ten minutes passed between the time that Ofelia and Marco left Ofelia's house and the time of the drive-by shooting. During that short time period, Ofelia and Marco drove to appellant's house, which was located a few blocks from Ofelia's house, and told appellant and Juan about the incident between Marco and Ofelia's cousin. Juan and appellant then entered the black Fiero, with Juan driving and appellant sitting in the passenger seat, and drove away.
The only evidence connecting appellant to the drive-by shooting is the fact that appellant was seen entering the passenger side of the black Fiero, the car departed and was later seen at the scene of the shooting, and the shots were fired from the passenger side of the vehicle. In consideration of the short time period between the departure of the black Fiero from appellant's house and the drive-by shooting, the only reasonable explanation is that appellant remained on the passenger side of the car and that nobody else entered the car. Since the shots were fired from the passenger side of the vehicle, it is reasonable to conclude that appellant was the gunman.
The record also contains circumstantial evidence of appellant's intent to shoot Melendez with a firearm. The element of intent may be inferred from the circumstances surrounding the commission of the offense for which a defendant is convicted. Domanski v. State, 665 S.W.2d 793, 798 (Tex.App.Corpus Christi 1983), pet. refd, untimely filed, 725 S.W.2d 717 (Tex.Crim.App.1986). Intent may be inferred from the mode of killing, such as by a firearm which is deadly per se, or the manner in which the weapon is used. Id. In addition to the evidence discussed in the preceding paragraph, eyewitness testimony revealed that between four and six shots were fired at the group the first time the Fiero drove by the residence, and that several more shots were fired at them after the car made a U-turn and drove by the house again. The shots were fired from the passenger side of the Fiero. We find this to be sufficient evidence to support the jury's finding that appellant intended to shoot Melendez with a firearm.
Appellant also argues that the evidence was insufficient to prove that appellant intended to shoot Melendez. Appellant was tried under two theories of murder, one of which was that he intended to cause serious bodily injury and committed an act clearly dangerous to human life. Tex.Penal Code Ann. § 19.02(a)(2) (Vernon 1989). An intent to kill is not an element of murder under that theory. Fazzino v. State, 531 S.W.2d 818, 820 (Tex.Crim.App.1976).
We do not find the evidence supporting the jury's delinquency finding to be so weak, or the evidence to the contrary to be *103 so overwhelming, that the jury's delinquency finding should be set aside. In re L. G, 728 S.W.2d at 943. Appellant's first point of error is overruled.
Appellant's second point of error asserts that the trial court committed error by failing to grant appellant's motion for mistrial based upon alleged juror misconduct, and thus deprived appellant of his due process rights to a fair and impartial trial. The State responds by asserting that appellant has failed to preserve this point of error because he did not file a motion for new trial pursuant to Texas Rule of Civil Procedure 324(b)(1).
We have previously held that due to the quasi-criminal nature of juvenile delinquency proceedings, appellant was not required to file a motion for new trial to preserve a factual sufficiency complaint. Under the same reasoning, we hold that appellant was not required to file a motion for new trial to preserve his juror misconduct complaint. Texas Rule of Civil Procedure 324(b)(1) requires a motion for new trial to preserve error on a "complaint on which evidence must be heard such as one of jury misconduct." On the other hand, the Texas Rules of Appellate Procedure provide that in criminal cases, a motion for new trial is not required to preserve error as long as the facts are shown on the record. Tex.R.App.P. 30(a).
The alleged juror misconduct occurred upon the conclusion of the testimony of a firearms examiner, when a juror made the following statements:
JUROR: Judge, can I say something?
THE COURT: No sir, I don't think it would be appropriate.
JUROR: Could I approach the bench then?
THE COURT: Let's hear this witness and when we recess this afternoon
JUROR: Well, before we begin, could you please take the ammo from the man that keeps loading his gun by a man that's accused of murder.
Appellant moved for a mistrial on the basis that the juror had prematurely determined appellant's delinquency, and therefore, appellant was denied a fair trial by an impartial jury. The motion for mistrial was denied. Appellant did not request that the jury be given an instruction to disregard the juror's statement.
The overruling of a motion for mistrial should not be disturbed absent an abuse of discretion. See Prater v. Holbrook, 283 S.W.2d 263, 267 (Tex.Civ.App. Beaumont 1955, no writ). The record does not reflect that the juror had reached a conclusion as to appellant's delinquency. Instead, the words "a man accused of murder" indicate that the juror had not reached a conclusion. Statements by jurors during trial, though unusual, are not necessarily damaging. See Kansas City Southern Ry. Co. v. Chandler, 192 S.W.2d 304, 312-13 (Tex.Civ.App.Beaumont 1945, writ ref'd n.r.e.). We find that the trial court did not abuse its discretion in denying appellant's motion for mistrial based upon juror misconduct. Appellant's second point of error is overruled.
The judgment of the trial court is affirmed.