NUMBER 13-99-689-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


BILLY JOE CLARK, INDIVIDUALLY, AND AS NEXT FRIEND OF COURTNEY ANNE CLARK Appellants,


v.


HARKRIDER DISTRIBUTING COMPANY AND MICHAEL QUINN, Appellees.

___________________________________________________________________


On appeal from the 155th District Court of Austin County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Castillo and Amidei (1)

Opinion by Justice Amidei


 This is an appeal from an adverse jury verdict and judgment in a personal injury suit. Appellant, Billy Joe Clark,
individually and as next friend of his daughter Courtney Anne Clark, allege they were injured when a piece of angle iron
lying on the highway was propelled through the windshield of Mr. Clark's truck by appellee Harkrider Distributing
Company's tractor-tanker truck, being operated by appellee Michael Quinn.

 Appellants ask us to reverse and remand because the trial court erred in overruling their three motions for mistrial made in
response to the admission of allegedly prejudicial evidence: (1) of prior claims; (2) that Quinn did not receive a traffic
citation; and (3) a witness mentioning medicare. We affirm.

Factual Background


 The accident in question occurred on July 11, 1994, on Interstate 10 in Austin County, Texas. Mr. Clark was traveling
with his daughter to San Antonio. The tractor-tanker Quinn was driving ran over a piece of angle iron or metal pipe
seventeen feet in length lying on the highway and the force of the truck propelled the piece of iron through the windshield
of Mr. Clark's truck striking him in the forehead injuring him and his daughter. Quinn testified that he could not avoid
hitting the metal because of other cars near him on the roadway and the risk that he would flip his truck. Quinn further
testified that he did not see the pipe hit anyone and did not think it hit anyone and assumed it went safely to the side of the
highway. Mr. Clark chased Quinn down and informed him of the accident and had him accompany them to a medical
clinic in Sealy, Texas. Mr. Clark had suffered serious injuries in a prior automobile accident in 1989.

Standard of Review


 The overruling of a motion for mistrial should not be disturbed absent an abuse of discretion. In re M.R., 846 S.W.2d 97,
103 (Tex. App.-Fort Worth 1992), writ denied per curiam, 858 S.W.2d 365 (Tex. 1993).

 The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or
whether the act was arbitrary and unreasonable. McDaniel v. Yarbrough, 898 S.W.2d 251, 253 (Tex.1995).

 The standard for reversible error in civil cases is provided in rule 44.1 of the Texas Rules of Appellate Procedure as
follows.

(a) Standard for reversible error. No judgment may be reversed on appeal on the ground that the trial court made an error
of law unless the court of appeals concludes that the error complained of:



(1) probably caused the rendition of an improper judgment; or



(2) probably prevented the appellant from properly presenting the

case to the court of appeals.



Issues Presented


 Appellants' three issues are as follows:

 1. The trial court erred in overruling Plaintiff's motion for mistrial, because of the prejudice arising from the Defendant's
injection of evidence of prior claims into evidence.

 2. The trial court erred in overruling Plaintiff's motion for mistrial, because of the prejudice arising from the testimony by
Defendant's witness that he had not issued any citations to the Defendant.

 3. The trial court erred in overruling Plaintiff's motion for mistrial, because of the prejudice arising from the injection of a
collateral source into evidence by Defendant's witness.

 Appellant's objections to the evidence that was the subject of the motion for mistrial were sustained by the trial court and
express jury instructions were given to disregard the evidence. However, appellant sought more relief than jury instructions
to disregard because he believed the evidence was so prejudicial that a mere instruction to disregard would not cure the
prejudice. We must decide whether the trial court's refusal to grant the motions for mistrial was an abuse of discretion. In
re M.R. 846 S.W.2d at 103. Also, in making this decision we must consider whether the trial court acted without reference
to any guiding rules or principles or whether he acted arbitrarily and unreasonably. McDaniel v. Yarbrough, 898 S.W.2d at
253. The trial court's error must have probably caused the rendition of an improper judgment, or prevented the appellants
from properly presenting the case to the court of appeals. We do not believe the trial court's overruling the motions for
mistrial did either of those things. While the objections may have been well taken the prejudicial effect of the jury hearing
the evidence probably did not cause the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). The case was not
so close on the issue of liability that even if the trial court had not given instructions to disregard, the inadmissible evidence
would not have likely tipped the scales against appellants, especially since no wrongful conduct of the appellants was
alleged or proven. And the appellants were not prevented from presenting their case to the court of appeals because of the
trial court's rulings. Tex. R. App. P. 44.1(a). There is no evidence that the jury did not follow the trial court's instructions
to disregard. The trial court acted reasonably and did not abuse its discretion in overruling the appellants' three motions for
mistrial.

 Appellants' three issues are overruled, and the judgment of the trial court is affirmed.

 

MAURICE AMIDEI

Justice





Do Not Publish.

Tex. R. App. P. 47.3

Opinion delivered and filed

this the 1st day of November, 2001.

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex.Gov't Code Ann. § 74.003 (Vernon 1998).