858 S.W.2d 365 (1993)
In the Matter of M.R.
No. D-3583.
Supreme Court of Texas.
June 16, 1993.
Rehearing Overruled August 26, 1993.
Tim Curry, Lynn Allison, Charles M. Mallin, Betty Marshall, Fort Worth, for appellant.
*366 Timothy A. Menikos, Arlington, Richard Lee Griffin, Fort Worth, for appellee.
PER CURIAM.
The issue here is the applicability of the Texas Rules of Civil Procedure to juvenile delinquency proceedings. The court of appeals concluded that juvenile proceedings are governed only as far as practicable by the rules of civil procedure. 846 S.W.2d 97 at 100. The court of appeals wrote that, because of the quasi-criminal nature of juvenile delinquency proceedings, the better practice would be to address factual sufficiency and juror misconduct complaints of juveniles despite their failure to file a motion for new trial. 846 S.W.2d at 101. The court of appeals affirmed the judgment adjudicating the juvenile a delinquent because the evidence was factually sufficient under the "beyond a reasonable doubt" standard. Since the discussion of whether the Rules of Civil Procedure applied was unnecessary to its judgment, we deny both applications for writ of error in this case.
Before 1973 we held that juvenile proceedings were governed "as far as practicable" by the rules of civil procedure. Brenan v. Court of Civil Appeals, Fourteenth Dist., 444 S.W.2d 290, 292 (Tex. 1968). In 1973, with the enactment of Title 3 of the Texas Family Code, however, the legislature replaced the "as far as practicable" limitation with the provision that "Except when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under [Title 3]." TEX.FAM.CODE § 51.17. Nothing in Title 3 conflicts with the Rules of Civil Procedure requirement of motions for new trial as a prerequisite to assert evidentiary and procedural errors, including factual sufficiency and juror misconduct challenges. TEX. R.CIV.P. 324(b). We disapprove the court of appeals' holding that juveniles appealing delinquency judgments are exempt from this procedural requirement.
The court of appeals relied upon Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim.App.1984), cert. denied, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985) (factual sufficiency standard in adult criminal cases) in addressing the factual sufficiency challenge, and relied upon TEX.R.APP.P. 30(a) (no motion for new trial required to preserve error in adult criminal cases) in addressing the juror misconduct challenge in this juvenile delinquency case. Relying on adult criminal cases and criminal procedure rules appears to conflict at least to some extent with the express Family Code provision that the Rules of Civil Procedure apply. We neither approve nor disapprove the court of appeals language regarding the factual sufficiency and juror misconduct challenges. The error, if any, did not affect the disposition of the case, and granting writ to affirm the judgment is not necessary. TEX.R.APP.P. 81.