COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-299-CV
 
 
IN 
THE MATTER OF J.B.M.
 
  
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF DENTON COUNTY
 
------------
 
OPINION *
 
------------
I. INTRODUCTION
        Appellant 
J.B.M., a juvenile, appeals from his adjudication of delinquency. In three 
points, J.B.M. complains that the evidence supporting the jury’s finding was 
legally and factually insufficient to show he attempted to commit sexual 
assault, and that the trial court erred in overruling his motions to quash the 
State’s pleading. We affirm.
II. FACTUAL AND PROCEDURAL 
BACKGROUND
        On 
June 22, 2003, the alleged victim, eighteen-year-old R.S., lived in the 
Elizabeth Garden Apartments in Roanoke, Texas with her boyfriend and ten- 
month-old daughter. Around midnight on June 22nd, R.S. had gone outside to sit 
at a picnic table on the apartment grounds with her boyfriend and another 
couple. At one point, R.S. went back to her apartments and ran in to J.B.M., who 
she recognized as a fellow resident of the apartment. According to R.S., J.B.M. 
flirted with her and “acted like he was going to try to kiss me. He came to me 
a little bit, and I pulled away.” R.S. then went back up to her apartment. 
After retrieving something from her apartment, R.S. returned to the picnic area 
without seeing J.B.M.
        About 
2:00 a.m. on June 23rd, after R.S. and her boyfriend had returned to their 
apartment, R.S. went outside to check the mail then went back out to the picnic 
area, where she again saw J.B.M. They talked for two or three minutes and R.S. 
asked J.B.M. for a cigarette; he stated that he had some in his apartment. She 
followed him back to the apartment, intending only to get the cigarette and 
return to the picnic area. According to R.S., after they entered the apartment, 
J.B.M. told her that he liked her and started to try to kiss her. She testified 
that she pushed him away, but he kept trying to pull her back to him and kiss 
her. J.B.M. then pulled her to the floor and was on top of her. While R.S. was 
on the floor, J.B.M. had his legs wrapped around on top of her ankles, held her 
down with one arm, put his other arm underneath her shirt, and continued to kiss 
her face and neck. According to R.S., as she struggled, her legs started to 
spread open because of the way J.B.M. had his legs on hers. R.S. then asked 
J.B.M. if he was trying to rape her, and J.B.M. got very offended, denied that 
was what he was doing, but did not let her up. R.S. testified that she believed 
that he was trying to have sex with her. R.S. said she was being “loud enough 
for [J.B.M.] to get the point” that she wanted him to stop, but acknowledged 
that she did not yell or scream. The attack ended when J.B.M.’s next door 
neighbor knocked on the door and J.B.M., who appeared startled, jumped up from 
the floor. R.S. then ran for the door, and told the neighbor what had happened. 
The neighbor walked R.S. back to her apartment where she told her boyfriend, who 
called the police. On cross-examination, R.S. admitted that she told the police 
in her report that after she got off the floor and before she opened the door, 
J.B.M. kept pulling her back and saying “I wasn’t trying to rape you” and 
“I was just playing around.”
        On 
July 22, 2003, the State filed its petition against J.B.M. alleging that he 
committed attempted sexual assault. J.B.M. pleaded not true, a jury found the 
allegation to be true, and the trial court ordered that J.B.M. be committed to 
the Texas Youth Commission for an indeterminate period not to exceed his 21st 
birthday. This appeal followed.
III. THE STATE’S PETITION
        In 
his third point, J.B.M. complains that the State’s petition should have been 
quashed because it failed to indicate how he was going to effect a sexual 
assault, and it did not allege the requisite mental state. Under the Texas 
Family Code, the petition must state “with reasonable particularity the time, 
place, and manner of the acts alleged and the penal law or standard of conduct 
allegedly violated by the acts.” Tex. 
Fam. Code Ann. § 53.04(a)(1) (Vernon 2004). This standard is less 
stringent than the standard applicable to criminal indictments in that it 
requires only that the juvenile be given notice of the offense charged. In re 
A.B., 868 S.W.2d 938, 940 (Tex. App.—Fort Worth 1994, no writ). 
Furthermore, when a defendant is charged under the criminal attempt statute, the 
State is only required to plead the elements of an criminal attempt offense,[1] and need not allege the constituent elements of the 
underlying offense. Id. Here, the State’s petition alleged the 
following:
  
That on or about the 22nd of June, 2003, in Denton County, Texas said [J.B.M.] 
did violate a penal law of this State, punishable by Imprisonment to-wit: Section 15.01 of 
the Texas Penal Code, in that the said child did then and there, with specific 
intent to commit the offense of Sexual Assault, of [R.S.], do an act, to-wit: 
holding [R.S.] down, kissing [R.S.], spreading [R.S.’s] legs, and reaching 
under [R.S.’s] shirt, which amounted to more than mere preparation that tended 
but failed to effect the commission of the offense intended.

Because 
the State’s petition tracks the language of the criminal attempt statute and 
states the offense allegedly attempted, J.B.M. received fair notice of the 
offense charged. Id. at 940-41. Accordingly, the trial court did not err 
in overruling J.B.M.’s motion to quash the petition. We overrule J.B.M.’s 
third point.
IV. LEGAL SUFFICIENCY
        In 
his first point, J.B.M. complains that the evidence is legally insufficient to 
support the jury’s finding that he engaged in delinquent conduct. Although the 
appeal of juvenile court orders are generally treated as civil cases, we apply 
the criminal legal sufficiency standard of review to adjudication proceedings in 
juvenile cases. See In re J.D.P., 85 S.W.3d 420, 422 (Tex. App.—Fort 
Worth 2002, no pet.). Under the legal sufficiency standard, we view all the 
evidence in the light most favorable to the verdict in order to determine 
whether any rational trier of fact could have found the essential elements of 
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 
319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 
(Tex. Crim. App. 2001). This standard gives full play to the responsibility of 
the trier of fact to resolve conflicts in the testimony, to weigh the evidence, 
and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal sufficiency review, 
we may not sit as a thirteenth juror, re-evaluating the weight and credibility 
of the evidence and, thus, substituting our judgment for that of the fact 
finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. 
denied, 529 U.S. 1131 (2000). Instead, as a reviewing court, we only ensure 
the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 244 
(Tex. Crim. App.), cert. denied, 510 U.S. 837 (1993); In re D.T.C., 
30 S.W.3d 43, 50 (Tex. App.—Houston [14th Dist.] 2000, no pet.).
        The 
State alleged that J.B.M. engaged in the delinquent conduct of attempted sexual 
assault. Under the criminal attempt statute of section 15.01(a) of the Texas 
Penal Code, the State was required to show that J.B.M., with specific intent to 
commit sexual assault, did an act amounting to more than mere preparation that 
attempts but fails to effect the commission of a sexual assault, which elements 
are found in section 22.011(a)(1) of the Texas Penal Code. Tex. Penal Code Ann. §§ 15.01(a), 
22.011(a)(1) (Vernon 2004). See Mendez v. State, No. 05-03-01710-CR, 2004 
WL 1738889, at *3 (Tex. App.—Dallas Aug. 4, 2004, no pet. h.) (not designated 
for publication). J.B.M. contends that the evidence at trial, specifically the 
testimony of the victim, shows only an assault and is legally insufficient to 
show his intent to commit a sexual assault.
        In 
a case where the charge is attempted sexual assault, intent may be inferred from 
the accused’s actions, words, and conduct. Lindsey v. State, 764 S.W.2d 
376, 378 (Tex. App.—Texarkana 1989, no pet.). In the instant case, J.B.M. 
isolated R.S. in his apartment under the guise of retrieving a cigarette after 
R.S. earlier denied his physical advances. R.S. testified that J.B.M. kept 
pulling her to him, kissing and touching her, pulled her to the ground, 
restrained her, reached under her shirt, and caused her legs to spread. R.S. 
also testified that she thought J.B.M. was trying to have sex with her.
        It 
is not required that J.B.M. do every act short of completing the actual offense; 
the fact that the offense was not completed does not negate J.B.M.’s intent. See 
Lindsey, 764 S.W.2d at 379; Hackbarth v. State, 617 S.W.2d 944, 946 
(Tex. Crim. App. 1981); Moreno v. State, 872 S.W.2d 1, 3 (Tex. 
App—Houston [1st Dist.] 1993, no pet.). Because it is within the province of 
the jury to resolve such conflicts, we find, viewing all the evidence in the 
light most favorable to the verdict, that any rational trier of fact could have 
found the essential elements of the offense of attempted sexual assault beyond a 
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 
S. Ct. 2781, 2789 (1979). Accordingly, we overrule J.B.M.’s first point.
V. FACTUAL SUFFICIENCY
        In 
his second point, J.B.M. complains that the evidence is factually insufficient 
to support the jury’s finding that he engaged in delinquent conduct.
        In 
1993, the Texas Supreme Court held that raising a factual sufficiency challenge 
in a motion for new trial is a prerequisite to raising a factual sufficiency 
challenge on appeal in a juvenile case, citing the Texas Family Code provision 
providing that the Rules of Civil Procedure would apply to juvenile proceedings 
except where there was a conflict within Title 3 of the Family Code. In re 
M.R., 858 S.W.2d 365, 366 (Tex. 1993), cert. denied, 510 U.S. 1078 
(1994). Since that ruling, the court of criminal appeals has acknowledged that a 
factual sufficiency review is appropriate in adult criminal cases. See Clewis 
v. State, 922 S.W.2d 126, 136 (Tex. Crim. App. 1996). Further, from 2001 to 
date we have applied a criminal standard of review to legal and factual 
sufficiency challenges of juvenile adjudication hearings. See In re J.S., 
35 S.W.3d 287, 291 (Tex. App.—Fort Worth 2001, no pet.) (legal sufficiency); In 
re A.C., 48 S.W.3d 899, 903 (Tex. App.—Fort Worth 2001, pet. denied) 
(factual sufficiency). Additionally, the Rules of Appellate Procedure, which 
govern motions for new trial in criminal cases, do not require a motion for new 
trial. See Tex. R. App. P. 
21. As a result, since the supreme court’s decision in In re M.R., 
there has developed a split in the courts of appeals as to whether a motion for 
new trial raising a factual sufficiency challenge is still required to challenge 
on appeal the factual sufficiency of the evidence in a juvenile adjudication 
hearing. See In re J.A.A., No. 10-03-012-CV, 2003 WL 23120184, at *1 
(Tex. App.—Waco Dec. 31, 2003, no pet.) (mem. op.) (indicating a motion for 
new trial raising a factual sufficiency challenge is required); In re 
E.U.M., 108 S.W.3d 368, 371-72 (Tex. App.—Beaumont 2003, no pet.) 
(determining a motion for new trial raising a factual sufficiency challenge is 
required); In re J.L.H., 58 S.W.3d 242, 245-46 (Tex. App.—El Paso 2001, 
no pet.) (concluding that a motion for new trial raising a factual sufficiency 
challenge is not required); In re D.T.C., 30 S.W.3d 43, 51 (Tex. 
App.—Houston [14th Dist.] 2000, no pet.) (indicating that a motion for new 
trial raising a factual sufficiency challenge is required).
        We 
believe the precedent set forth by the Texas Supreme Court in In re M.R. 
is still controlling. See 858 S.W.2d at 366. In that decision, the court 
disapproved of the court of appeals’ decision not requiring a motion for new 
trial as a prerequisite for a factual sufficiency review, noting that the Family 
Code provided that the Texas Rules of Civil Procedure were to govern and Rule 
324 required a motion for new trial. Id. Further, in that opinion the 
supreme court instructed us that when in juvenile cases the Family Code 
specifically provides that the Rules of Civil Procedure apply, caution should be 
used when relying on “adult criminal cases and criminal procedure rules.” See 
id. Accordingly, we hold that as a prerequisite to raising a factual 
sufficiency challenge on appeal from a juvenile adjudication hearing, an 
appellant must first file a motion for new trial challenging the factual 
sufficiency of the evidence. See Tex. 
R. Civ. P. 324(b)(2); In re M.R., 858 S.W.2d at 366; In re 
J.A.A., No. 10-03-012-CV, 2003 WL 23120184, at *1; In re E.U.M., 
108 S.W.3d at 371-72; In re D.T.C., 30 S.W.3d at 51; but see In 
re J.L.H., 58 S.W.3d at 245-46. Because J.B.M. did not file a motion for new 
trial, nothing is presented for our review and his second point is overruled.
VI. CONCLUSION
        Having 
overruled all of J.B.M.’s points, we affirm the trial court’s judgment.
  
  
                                                           BOB 
MCCOY
                                                          JUSTICE

EN 
BANC
 
DAUPHINOT, 
J. filed a dissenting opinion in which LIVINGSTON and WALKER, JJ. join.

GARDNER, 
J. filed a concurring opinion.

DELIVERED: 
February 3, 2005

 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-299-CV
  
 
IN 
THE MATTER OF J.B.M.
 
  
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF DENTON COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I 
join in the majority opinion, including the holding that a complaint in a motion 
for new trial is still required to preserve error as to factual sufficiency of 
evidence on appeal in a juvenile adjudication proceeding. I agree we are bound 
by the decision of the Supreme Court of Texas in In re M.R., 858 S.W.2d 
365, 366 (Tex. 1993), cert. denied, 510 U.S. 1078 (1994). See Lubbock 
County, Texas v. Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 
2002) (explaining that, once the supreme court announces a proposition of law, 
the decision is considered binding precedent and it is not for a court of 
appeals to abrogate or modify such established precedent).
        I 
write only to note my concern that continuing to hold juveniles to the technical 
preservation of error rule for appeal of factual sufficiency issues in civil 
cases, when no such requirement exists in adult criminal cases, ignores the 
reality of the metamorphosis of the juvenile system to one “barely 
distinguishable from our adult criminal system.” In re J.L.H., 58 
S.W.3d 242, 246 (Tex. App.—El Paso 2001, no pet.); see also In re D.A.S., 973 
S.W.2d 296, 299 (Tex. 1998) (recognizing consequences of adjudication of 
delinquency and loss of liberty by juvenile may be comparable to felony 
conviction); In re M.A.F., 966 S.W.2d 448, 450 (Tex. 1998) (recognizing 
that juvenile cases are quasi-criminal in nature).
        I 
believe the 1993 decision of the supreme court in In re M.R. remains 
viable despite subsequent developments in juvenile law. Certainly, by the 
adoption of the Juvenile Justice Code as Title 3 to the Texas Family Code in 
1995, the legislature moved away from the traditional rehabilitation model for 
treatment toward accountability and punishment, responding to the growing social 
problem of more and younger juvenile offenders committing more numerous and 
serious crimes. See Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 14, 
1995 Tex. Gen. Laws 2517, 2524, 2646.[2]  The 
legislature added and has continued to add an increasing number of provisions 
and exceptions for application of criminal standards and criminal rules. The 
Texas Rules of Evidence applicable to criminal cases now apply in juvenile 
delinquency proceedings, as does chapter 38 of the Code of Criminal Procedure. Tex. Fam. Code Ann. § 51.17(c) (Vernon 
Supp. 2004-05). Discovery is now conducted pursuant to the Code of Criminal 
Procedure and case decisions in criminal cases. Id. § 51.17(b).
        A 
comprehensive section of the Juvenile Justice Code now even prescribes certain 
procedures comparable to those provided in the rules of appellate procedure 
applicable to adult criminal cases, for appeals in juvenile proceedings. Tex. Fam. Code Ann. § 56.01 (Vernon 
2002). That section specifies that a juvenile has the right to appeal and the 
right to counsel on appeal as well as the right to appointment of an attorney 
for the appeal because of indigency. Id. § 56.01(c), (d). Similar to the 
procedure mandated for adults who appeal from plea-bargained convictions, a 
disposition in accordance with an agreement between the State and a juvenile who 
pleads or agrees to a stipulation of evidence precludes an appeal by the 
juvenile except as to matters raised by written motion filed before the plea 
proceeding or with permission of the trial court. Id. § 56.01(n). Upon 
entering an appealable order in a juvenile case, the trial court must advise the 
child and the child’s parent or guardian ad litem of the child’s rights to 
appeal and to counsel. Id. § 56.01(e). Significantly, if the child or 
the child’s parent or guardian expresses a desire to appeal, the statute 
requires “the attorney who represented the child before the juvenile court” 
to file the notice of appeal and inform the court whether that attorney will 
handle the appeal. Id. § 56.01(f).
        The 
difficulty is that, while moving toward treating juvenile adjudications of 
delinquency as adult criminal convictions and providing for criminal standards 
and procedure in certain instances, the legislature has nevertheless retained 
the statutory language requiring that juvenile proceedings shall be governed by 
the Texas Rules of Civil Procedure. Tex. 
Fam. Code Ann. § 51.17(c). As well, it has continued to specify that 
appeals in juvenile cases “shall be as in civil cases generally.” Tex. Fam. Code Ann. § 56.01.
        As 
our sister court recognized in In re J.L.H., because juvenile proceedings 
more closely resemble criminal than civil proceedings, most attorneys defending 
juveniles – and now charged with continuing to represent the child through the 
filing of a notice of appeal – possess greater knowledge of the criminal rules 
than civil procedure. Those attorneys, typically criminal defense lawyers, will 
also necessarily continue to represent the juveniles during the same period for 
filing a motion for new trial. Criminal defense lawyers are familiar with the 
rule of appellate procedure not requiring a motion for new trial in a 
criminal case to preserve error for factual insufficiency of evidence. See 
Tex. R. App. P. 21. But those 
lawyers are not likely to be on intimate terms with the civil rule providing 
just the opposite, requiring a challenge to factual sufficiency of the evidence 
to support a jury finding to be raised by motion for new trial, as evidenced by 
the number of appellate decisions finding waiver of factual sufficiency because 
no motion for new trial was filed pursuant to Rule 324(b)(2) of the Texas Rules 
of Civil Procedure. Tex. R. Civ. P. 
324(b)(2).
        The 
specific issue here is perplexing, as seen from the split in the courts of 
appeals on the issue as described by the majority. And it is merely one instance 
of the patchwork quilt that now comprises juvenile law, presenting lawyers and 
judges with the daunting task of searching through family code statutes, 
criminal substantive decisional law, criminal rules of evidence, civil trial 
rules, and civil appellate rules, as well as both criminal and civil decisional 
law interpreting those diverse and scattered statutes, legal principles, and 
rules.
        The 
supreme court could resolve the issue by abrogating its holding in In re M.R. 
in light of the evolution of juvenile law in recent years, although it appears 
that decision was based primarily on statutory interpretation of the family code 
requiring application of the civil rules in juvenile cases, and those provisions 
have not changed. Alternatively, the legislature could amend section 56.01 to 
provide that no motion for new trial is necessary to preserve error as to 
factual sufficiency of evidence in a jury case. That would be a simple answer to 
this issue. What we have now is a procedural trap.
        We 
are holding juveniles to adult accountability subject in many cases to adult 
punishment, without fully providing for corresponding remedies and protections 
including adequate appellate review on the merits. Eliminating the technicality 
of requiring preservation of error for factual sufficiency of evidence in a 
motion for new trial would be a step toward reaching the stated goal of the 
Juvenile Justice Code with respect to appeals for juveniles of providing a 
“simple judicial procedure through which . . . the parties are assured of a 
fair hearing and their constitutional and other legal rights recognized and 
enforced.” Tex. Fam. Code Ann. 
§ 51.01(6).
  
 
 
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
DELIVERED: 
February 3, 2005

 
 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-299-CV
 
 
IN 
THE MATTER OF J.B.M.
 
 
 
------------
 
FROM 
THE COUNTY COURT AT LAW NO. 1 OF DENTON COUNTY
 
------------
 
DISSENTING OPINION
 
------------
        I 
dissent from the majority’s holding that J.B.M. failed to preserve his factual 
sufficiency challenge. When confronted with this same issue, our sister court in 
El Paso provided the following explanation for holding that a juvenile does not 
need to challenge the factual sufficiency of the evidence supporting 
adjudication in a motion for new trial in order to later raise the issue on 
appeal:
  
Initially, we note that the State contends J.L.H. waived her factual sufficiency 
challenges by failing to file a motion for new trial. Indeed, the Texas Supreme 
Court held in 1993 that TEX. R. CIV. P. 324(b), requiring a motion for new trial 
be filed in order to complain of factual sufficiency on appeal, applies to 
juvenile proceedings.[3]  Our sister court has 
recently confirmed that holding.[4]  
Nevertheless, for the reasons set out here, we conclude that the Supreme Court's 
pronouncement on the issue has since been superceded by developments in our 
current juvenile system.
  
At 
one time, the safeguards afforded adults in criminal proceedings did not apply 
to juvenile proceedings.[5]  The juvenile system 
was originally created for treatment and rehabilitation of children, and focused 
on the best interest of the child.  This distinguished the juvenile courts 
from adult criminal courts, which direct their efforts primarily toward 
punishment.[6]  Because of this difference in 
purpose, juveniles were denied many rights, both procedural and substantive, 
that were routinely afforded adults.[7]
  
The 
juvenile system's philosophy of treatment and rehabilitation has metamorphosed, 
however, into one much focused on punishment that is in many ways barely 
distinguishable from our adult criminal system.  Three of the purposes 
expressed in the Juvenile Justice Code are to provide for the protection of the 
public and public safety, to promote the concept of punishment for criminal 
acts, and to protect the welfare of the community and to control the commission 
of unlawful acts by children.[8]  The "grim 
reality" of today's juvenile system is a far cry from the days of its 
creation as a "system wherein juveniles were rehabilitated rather than 
incarcerated, protected rather than punished—the very antithesis of the adult 
criminal system."[9]  We believe this change 
has eroded the original logic for denying juveniles the same procedural 
protections as adults.[10]  We therefore 
recognize that the juvenile system is, in many ways, more closely related to 
criminal than civil proceedings and it follows that most advocates practicing in 
the juvenile system will possess greater expertise in criminal than civil 
procedure.
 
Moreover, 
we note that in 1993 when the Supreme Court found a motion for new trial must be 
filed to preserve factual sufficiency in a juvenile case, there was no general 
factual sufficiency review in adult criminal cases.  Only in 1996, with Clewis 
v. State,[11] did the Court of Criminal Appeals 
acknowledge a right to factual sufficiency review of a conviction.

                . 
. . .
 
We 
think the time has come . . . to acknowledge that juvenile law is much more 
criminal than civil in nature.  In examining the drift of juvenile law from 
its civil roots to its criminal present, we conclude it makes no sense to 
require procedural hurdles of juveniles which adults need not meet in parallel 
circumstances. If anything, juveniles should be afforded more opportunity for 
appellate review of their claims, consistent with the stated purpose of the 
Juvenile Justice Code that it be construed:
 
 
to provide a simple judicial procedure through which the provisions of this 
title are executed and enforced and in which the parties are assured a fair 
hearing and their constitutional and other legal rights recognized and enforced.[12]
 
 
We therefore conclude that a juvenile need not file a motion for new trial 
raising factual sufficiency of the evidence in order to raise that issue on 
appeal.[13]
   
        As 
the El Paso court points out, at the time M.R. was decided, we did not 
have factual sufficiency review in criminal cases. For the past eight years, 
however, we have.[14]  Since the advent of Clewis, 
this court has held that the criminal law standard for factual sufficiency of 
the evidence applies to evidence supporting adjudication of a juvenile.[15]   As both Texas Rule of Appellate Procedure 
21.2 and the Texas Court of Criminal Appeals make clear, no motion for new trial 
is necessary to preserve factual sufficiency issues in a criminal case.[16]
        Additional 
support for applying rule 21.2 to juvenile cases can be found in In re M.A.F.[17] In M.A.F., which was decided five years after M.R., 
the Texas Supreme Court held that the predecessor of rule 21.3(f), former rule 
30(b)(7), applies to evidence improperly received by a jury after it retires to 
deliberate at the adjudication stage of a juvenile trial.[18]  
That is, the Texas Supreme Court has, albeit in a different context, already 
held that the criminal rules regarding motions for new trial, not the civil 
rules, apply in juvenile cases.
        Because 
I see no reason for this court to take inconsistent positions, because I agree 
with the rationale of the El Paso Court of Appeals, and because I believe that 
the Texas Supreme Court has indicated that the criminal rules regarding motions 
for new trial should apply in juvenile cases, I would hold that J.B.M.’s 
failure to file a motion for new trial complaining that the evidence was 
factually insufficient to support his adjudication did not forfeit his factual 
sufficiency complaint on appeal. I would therefore address the merits of his 
complaint. Because the majority refuses to do so, I respectfully dissent.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
LIVINGSTON 
and WALKER, JJ. join.
 
DELIVERED: 
February 3, 2005

NOTES

* Majority by Justice McCoy; Concurrence by Justice Gardner; 
Dissent by Justice Dauphinot
MAJORITY OPINION NOTES
1.  
The elements of criminal attempt are as follows: (1) a person; (2) with specific 
intent to commit an offense; (3) does an act amounting to more than mere 
preparation; (4) that tends but fails to effect the commission of the offense 
intended.  Tex. Penal Code Ann. 
§ 15.01(a) (Vernon 2004).
CONCURRING 
OPINION NOTES
2.  
See generally, Justice Ed Kinkeade, Appellate Juvenile Justice in 
Texas — It’s a Crime! Or Should be, 51 Baylor L. Rev. 17, 26-27 (1999). 
Judge Kinkeade, a former justice on the 5th Court of Appeals in Dallas, is now a 
United States District Judge for the Northern District of Texas.
DISSENTING OPINION NOTES
3.  
In re M.R., 858 S.W.2d 365, 366 (Tex.1993) [,cert. denied, 510 
U.S. 1078 (1994)].
4.  
In re D.T.C., 30 S.W.3d 43, 51 (Tex. App.—Houston [14th Dist.] 2000, no 
pet.).
5.  
In re J.S.S., 20 S.W.3d 837, 841 (Tex. App.—El Paso 2000, pet. denied).
6.  
Id.
7.  
Id.; Hidalgo v. State, 983 S.W.2d 746, 751-52 (Tex. Crim. App. 
1999).
8.  
Tex. Fam. Code Ann. § 51.01(1), 
(2)(A), and (4) (Vernon [2002]).
9.  
Lanes v. State, 767 S.W.2d 789, 791 (Tex. Crim. App. 1989).
10.  
In re J.S.S., 20 S.W.3d at 842; Hidalgo, 983 S.W.2d at 751.
11.  
922 S.W.2d 126, 136 (Tex. Crim. App. 1996).
12.  
Tex. Fam. Code Ann. § 51.01(6).
13.  
In re J.L.H., 58 S.W.3d 242, 245-46 (Tex. App.—El Paso 2001, no pet.).
14.  
See Clewis, 922 S.W.2d at 136.
15.  
In re J.D.P., 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.); In 
re B.P.H., 83 S.W.3d 400, 407 (Tex. App.—Fort Worth 2002, no pet.); In 
re A.P., 59 S.W.3d 387, 392 (Tex. App.—Fort Worth 2001, no pet.).
16. 
 Tex. R. App. P. 21.2 (providing that in 
criminal cases, motion for new trial is prerequisite to presenting point on 
appeal only when necessary to adduce evidence not in the record); Washington 
v. State, 127 S.W.3d 197, 203 (Tex. App.—Houston [1st Dist.] 2003, pet 
dism’d as untimely filed); see Moff v. State, 131 S.W.3d 485, 488-89 
(Tex. Crim. App. 2004) (“A defendant need not file a motion for directed 
verdict or a motion for new trial to preserve an appellate claim concerning the 
sufficiency of the evidence to prove his guilt.  He need not object to the 
admission of evidence in the trial court to preserve this issue.  He need 
not claim, in the trial court, that the method by which the State proved an 
element of the offense was deficient or defective.  In short, a claim 
regarding sufficiency of the evidence need not be preserved for appellate review 
at the trial level, and it is not forfeited by the failure to do so.”).
17.  
966 S.W.2d 448, 449-50 (Tex. 1998).
18.  
Id.; Tex. R. App. P. 
30(b)(7), 707-708 S.W.2d (Tex. Cases) xlix (1986, amended 1997 and renumbered as 
21.3(f)).