# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00854-CV

**In the Matter of F.F.G.**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-26,202, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

F.F.G. appeals from his adjudication as delinquent based on the offense of criminal mischief resulting in pecuniary loss in an amount more than $50 but less than $500. *See* Tex. Pen. Code Ann. § 28.03 (West Supp. 2006). After adjudicating F.F.G. delinquent, the trial court placed F.F.G. on nine months' probation, and ordered him to pay restitution of $408. F.F.G. contends that the evidence presented at trial was factually insufficient to support the trial court's adjudication of delinquency. We affirm the trial court's adjudication because F.F.G. did not properly preserve the issue of factual sufficiency by filing a motion for new trial. Moreover, even if F.F.G. had properly preserved the issue, it is apparent from the record that the evidence was factually sufficient to justify the juvenile court's adjudication of delinquency.

## BACKGROUND

On March 7, 2005, at approximately 3:50 p.m., Goldia Earls was working when she received a call from her sister stating that someone had shattered Earls's dining room window with a rock. Earls told her sister to call the police, then headed home.

Once both Earls and the police had arrived at Earls's home, Lydia Martinez—Earls's next-door neighbor—came over and explained that she had seen the person who threw the rock through Earls's window. Martinez testified that she saw F.F.G., who is a white male, standing with three African-American teenagers in a circle outside her kitchen window. Martinez further testified that she saw F.F.G. carrying a rock which he threw through Earls's window, and then the four teenagers immediately ran across the street.

Martinez telephoned the police to report the crime. After the police arrived and listened to Martinez's account, they suspected F.F.G. because he was part of a group of boys matching Martinez's description that they had noticed playing down the street. According to her testimony, because F.F.G. lived across the street from both Martinez and Earls, Martinez recognized him and was able to identify him as the person who threw the rock through Earls's window. Martinez also testified that Earls was only a passing acquaintance whom Martinez did not know by name; that she had never had a problem with F.F.G. or his mother before; and that she did not know F.F.G. by name before the trial, but did recognize him from the neighborhood.

Both F.F.G.'s mother, Donna Sanders, and his supervisor, Shara Kohrs, testified that F.F.G. spent the day working for Guy Bundy and Kohrs fixing up a duplex around the corner from

2

Earls's house. Sanders testified that she dropped F.F.G. off at work that morning and that F.F.G. had received a check for $20 for his day's work. However, Sanders was not with her son at the time the rock was thrown through Earls's window.

Additionally, Kohrs testified that F.F.G. was working for her preparing a duplex to be rented, and that she did not see F.F.G. leave the work site. Further, Kohrs testified that even though she had not kept F.F.G. in her sight the entire time, she did not think it possible that F.F.G. could have left without her knowledge.

Kohrs also testified that she had been involved in verbal altercations with both Earls and Earls's daughter and that she had previously called the police on several occasions because Earls's daughter had thrown rocks through Kohrs's windows. The juvenile court was also presented with evidence of Kohrs's criminal record.

F.F.G. testified that he did not throw the rock through Earls's window and did not see the actual perpetrator.

Finally, the court was presented with evidence that the cost of repairs to Earls's broken window totaled $408.

## DISCUSSION

### Preservation of Factual Sufficiency

As a preliminary matter, we must address the state's argument that F.F.G. failed to properly preserve the issue of factual sufficiency by filing a motion for new trial.

3

Among the rights of adult criminal defendants is the right to factual sufficiency review of a conviction. *Clewis v. State*, 922 S.W.2d 126, 136 (Tex. Crim. App. 1996). However, the Texas Family Code mandates that juvenile delinquency proceedings are governed by the Texas Rules of Civil Procedure. Tex. Fam. Code Ann. § 51.17(a) (West Supp. 2006). Under Texas Rule of Civil Procedure 324(b)(2), a motion for a new trial is required to preserve the issue of factual sufficiency for appellate review in the civil context. As a result, a juvenile who complains on appeal of the factual sufficiency of the evidence must have preserved the complaint through a motion for new trial. *In re M.R.*, 858 S.W.2d 365, 366 (Tex. 1993) (per curiam); *Davila v. State*, 930 S.W.2d 641, 647 (Tex. App.—El Paso 1996, pet. ref'd).

Because F.F.G. failed to file a motion for new trial and therefore failed to preserve the issue of factual sufficiency for review, we must affirm the juvenile court's adjudication of F.F.G. as delinquent. Tex. R. App. P. 33.1.

**Factual Sufficiency**

Even though we hold that the trial court's adjudication must be affirmed because F.F.G. failed to preserve the issue of factual sufficiency for review, in the interest of justice we will address the question of whether the evidence presented was factually sufficient to warrant the trial court's adjudication of delinquency.

### Standard of Review

It is well settled that in juvenile proceedings the State must prove each element of the alleged delinquent conduct beyond a reasonable doubt to support an adjudication of delinquency.

4

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *In re L.M.*, 993 S.W.2d 276, 284 (Tex. App.—Austin 1999, no pet.). In a factual sufficiency review, the reviewing court "views all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Clewis*, 922 S.W.2d at 129. In such a review, the court asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is too weak or that the contrary evidence is too strong to rationally support a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). In other words, the question is whether the court was rationally justified in finding guilt beyond a reasonable doubt. *Id.* Appellate courts are not free to reweigh the evidence and set aside the juvenile court's adjudication merely because the reviewing judges determine that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135. A factual sufficiency review must employ appropriate deference to the fact-finder's role as the sole judge of the weight and credibility to be given to witness testimony. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

### *Analysis*

Under this standard of review, even if F.F.G. had preserved the issue of factual sufficiency for appeal, the evidence presented to the juvenile court was sufficient to rationally justify the juvenile court's finding of guilt beyond a reasonable doubt in adjudicating F.F.G. delinquent.

To adjudicate F.F.G. delinquent, the trial court had to find that F.F.G. intentionally damaged or destroyed Earls's window without her permission. *See* Tex. Pen. Code Ann. § 28.03. The juvenile court heard evidence that Earls never gave F.F.G. permission to destroy her window and that Martinez saw F.F.G. throw the rock that broke Earls's window. This evidence, taken alone,

is sufficient to justify the trial court's adjudication of F.F.G. as delinquent and guilty of criminal mischief beyond a reasonable doubt.

Furthermore, because the testimony of F.F.G.'s witnesses does not rule out the possibility that F.F.G. could have broken Earls's window, we cannot say that the contrary evidence presented by F.F.G. is so strong that the trial court's adjudication cannot be rationally justified. First, F.F.G.'s mother testified that she dropped off F.F.G. and picked him up later in the day, at which time he had a check for $20. However, there is no evidence in the record that she was exercising any control over or supervising F.F.G. around the time that Earls's window was broken. During that unsupervised time, he could have broken the window as Martinez testified.

Next, Kohrs testified that she had been supervising F.F.G. all day and that it was impossible for him to have broken the window in question. However, given the relatively close proximity of F.F.G.'s work site to Earls's house, Kohrs's testimony that she did not keep watch over F.F.G. the entire time opens up the possibility that he might have had the time to break the window.

Rather than providing contrary evidence so strong that the court's adjudication cannot be rationally justified, the testimony of both F.F.G.'s mother and Kohrs seems to be compatible with the State's theory of the case based upon Martinez's testimony because both witnesses left open the possibility that F.F.G. could have slipped away from work to break the window. Although Martinez's testimony was challenged by F.F.G.'s own testimony that he did not throw the rock through the window, we will defer to the juvenile court's evaluation of Martinez's testimony as more credible than F.F.G.'s. *Johnson*, 23 S.W.3d at 7.

Keeping in mind the deference we are to give to the fact-finder as the sole judge of the weight and credibility of witness testimony, we hold that the evidence was sufficient to rationally

6

justify the juvenile court's adjudication. Because each witness for F.F.G. (other than F.F.G. himself) offered testimony that the juvenile court could have viewed as either damaging the witness's credibility or leaving open the possibility that F.F.G. could have committed the crime, and because of Martinez's independent eyewitness testimony, we cannot say that the proof of guilt is so weak or the contrary evidence so strong that the juvenile court's finding of guilt beyond a reasonable doubt cannot be rationally justified. Therefore, we would overrule F.F.G.'s point of error and affirm the juvenile court's adjudication of F.F.G. as delinquent and guilty beyond a reasonable doubt, had the issue been properly preserved for appeal.

## CONCLUSION

F.F.G. did not properly preserve the issue of factual sufficiency for appeal by filing a motion for new trial. And even if the issue had been properly preserved, the proof of guilt was not too weak, nor was the contrary evidence presented too strong to rationally support the court's adjudication. As a result, we affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed

Filed: October 12, 2006

7