**Affirmed and Memorandum Opinion filed January 21, 2021.**



In The

# Fourteenth Court of Appeals

NO. 14-20-00459-CV
14-20-00460-CV

**IN THE MATTER OF J.I.G., A CHILD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court No. 2**
**Galveston County, Texas**
**Trial Court Cause Nos. 19-JV-0406 & 19-JV-0407**

## MEMORANDUM OPINION

In this accelerated appeal, J.I.G., a minor, challenges the juvenile court's orders waiving its exclusive original jurisdiction over the felony charges against him and transferring him to a criminal district court for trial as an adult. Specifically, J.I.G. has been charged with the felony offenses of capital murder and aggravated robbery, based on two alleged car jackings. *See* Tex. Penal Code §§ 19.03, 29.03. The State moved for the juvenile court to waive its jurisdiction

pursuant to Texas Family Code section 54.02(m), and the juvenile court granted the motion after a hearing. Tex. Fam. Code § 54.02(m).

In two issues, J.I.G. contends that (1) his counsel was not provided access to all written matter to be considered by the court in making the transfer decision five days before the hearing as required by Family Code section 54.02(e), and (2) the State violated Texas Rule of Civil Procedure 21 by not providing notice of a document placed in the trial court's file before the hearing. Tex. Fam. Code § 54.02(e); Tex. R. Civ. Proc. 21(a). Because J.I.G. failed to preserve his first issue and section 21 does not apply to the document in question, we affirm the trial court's orders.

## *Access*

Section 54.02(e) provides in relevant part:

> At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least five days prior to the transfer hearing, the court shall provide the attorney for the child and the prosecuting attorney with access to all written matter to be considered by the court in making the transfer decision.

Tex. Fam. Code § 54.02(e). J.I.G. contends that the trial court violated this provision because his counsel did not receive notice at least five days before the hearing that a certification report had been filed with the court by the Galveston County Juvenile Probation Department. This issue was not preserved for our review in the trial court.

Generally, juvenile appeals proceed under the rules governing civil cases. *E.g.*, *In re Z.Q.*, No. 14-12-00129-CV, 2013 WL 176116, at *3 (Tex. App.—Houston [14th Dist.] Jan. 17, 2013, pet denied) (mem. op.) (citing Tex. Fam. Code § 56.01(b) and *In re M.R.*, 858 S.W.2d 365, 366 (Tex. 1993)). In order to preserve

2

a complaint for appellate review, a party must make a timely and sufficiently specific request, objection, or motion in the trial court. Tex. R. App. P. 33.1(a)(1); *In re Z.Q.*, 2013 WL 176116, at *3. The record must show that the trial court either ruled on the request, objection, or motion expressly or implicitly, or refused to rule and the complaining party objected to the refusal. Tex. R. App. P. 33.1(a)(1); *In re Z.Q.*, 2013 WL 176116, at *3. A party's argument on appeal must comport with its complaint in the trial court or error has not been preserved. *See Petroleum Workers Union of the Republic of Mex. v. Gomez*, 503 S.W.3d 9, 32 n.37 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Moreover, the failure to obtain an adverse ruling in the trial court operates as a waiver of review of the alleged error on appeal. *Harrington v. Hawthorne-Midway Palms, LLC*, No. 14-18-00460-CV, 2020 WL 1061086, at *4 (Tex. App.—Houston [14th Dist.] Mar. 5, 2020, no pet.) (mem. op.). In other words, if a party objects but then obtains the relief it sought from the trial court, it waives the right to complain on appeal. *See, e.g.*, *Freeman v. Thomas*, No. 06-20-00001-CV, 2020 WL 4196254, at *3 (Tex. App.—Texarkana July 22, 2020, no pet.) (mem. op.); *see also Petroleum Workers Union*, 503 S.W.3d at 37.

It is undisputed that the certification report was in the trial court's records before the transfer hearing. At the start of the transfer hearing on March 11, 2020, the State requested that the trial court take judicial notice of the entirety of the court's file, expressly mentioning the certification report and representing that J.I.G.'s counsel had access to the documents at least five days before the hearing. J.I.G.'s counsel did not object to this request, and the trial court took judicial notice of the documents in the file.

During the testimony of the third witness called by the State, the certification report was mentioned for the first time since the beginning of the hearing. At this

point, J.I.G.'s counsel objected, saying, "I don't believe I received a certification report." The State noted that the report had been on file for a couple of months, but J.I.G.'s counsel said that she never received notice that it was filed. The judge observed that she had already taken judicial notice of the report and that many of the documents that made up the report had also been separately admitted into evidence. The judge asked counsel if she wanted a minute to look over the report. Counsel responded that the report was about an inch thick. The judge then asked counsel how much time she wanted, and counsel asked, "Can I get overnight or to—get an additional date?" The State then said that she would like to proceed with the witness currently on the stand. J.I.G.'s counsel stated she had no objection to that and agreed to the proposal. J.I.G.'s counsel also cross-examined the witness before the court again asked how much time she would like to review the certification report. Counsel stated that she could report back in two days.

On March 13, 2020, the trial court reconvened the hearing, at which time, J.I.G.'s counsel acknowledged, "I did get the opportunity to read the certification report." Counsel, however, further stated that when she looked at the court's file, she discovered other documents that she had been unaware of, principally several protective orders that had been filed because one of the officers in the case had been involved in a shooting and the file contained autopsy results for someone unconnected to J.I.G.'s case. After an off-the-record discussion, the judge stated on the record that J.I.G.'s counsel wished to consult with a "juvenile expert" and the court would give her the opportunity to do so. The judge asked counsel to report back in a week so the hearing could be reset, stating,

> the Court needs to feel confident that you have had ample opportunity
> to review whatever evidence in the files you want to look at, whatever
> documents in the files you want to look at, and the Court will give you
> an opportunity if having reviewed those documents you feel like you
> need to call additional witnesses or put on additional evidence [the]

4

Court will give you opportunity to do that.

The hearing continued on June 2, 2020, with J.I.G.'s counsel and the judge noting that the delay was partly to allow counsel to review the file and partly due to "COVID-19 quarantine." J.I.G.'s counsel then called a probation officer as a witness, and extensive examination occurred by both sides including questions about the certification report. At the conclusion of the hearing, J.I.G.'s counsel acknowledged that she had had access to the court's file and was able to conduct her review at least five days prior to the hearing. Counsel further suggested adding language to the trial court's orders to so reflect. And, indeed, the orders mention the fact that the hearing was recessed and counsel had access to all written matter to be considered by the court at least five days before the hearing.

At no point did J.I.G.'s trial counsel make an objection or request about the certification report or other relevant documents that the trial court did not accommodate. Because counsel got the relief she requested and did not obtain an adverse ruling regarding the certification report or based on Texas Family Code section 54.02(e), J.I.G.'s first issue was not preserved for our review. *See Freeman*, 2020 WL 4196254, at \*3; *Harrington*, 2020 WL 1061086, at \*4; *Petroleum Workers Union*, 503 S.W.3d at 37. Accordingly, we overrule J.I.G.'s first issue.

### *Rule 21(a)*

Texas Rule of Civil Procedure 21, entitled Filing and Serving Pleadings and Motions, states in relevant part as follows:

> (a) *Filing and Service Required.* Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

Tex. R. Civ. Pro. 21(a). J.I.G. contends that the State violated Rule 21 by not providing notice that the certification report had been filed by the probation department before the hearing.

By its very language, Rule 21(a) applies only to pleadings, pleas, motions, requests, or applications to the court for orders. *Id*.; *see also Univ. of Texas Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 65 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding Rule 21 did not apply to medical expert report because it did not fit within the categories covered by the rule); *Price v. Schroeder*, No. 03-07-00364-CV, 2010 WL 2010792, at *19 (Tex. App.—Austin May 20, 2010, no pet.) (mem. op.) (holding rule did not apply to documents filed with court that did not fit within these categories). The certification report was ordered prepared by the trial court and was prepared and filed by the probation department. It contains a summary of J.I.G.'s relevant history, including prior offenses, behavior, education, drug use, mental health, and prior services and programs offered, among other things. The report is not a pleading, plea, motion, request, or application to the court for an order. The request for transfer was contained in the State's petition. Although the certification report concludes with a recommendation that J.I.G. be transferred to stand trial as an adult, the report does not contain a request of any form in that regard.

Because the certification report does not fit within the categories of documents covered by Rule 21, there was no violation of Rule 21 by failing to provide J.I.G.'s counsel with notice that the report had been filed. Accordingly, we overrule J.I.G.'s second issue.

### *Conclusion*

Having overruled each of J.I.G.'s issues, we affirm the trial court's transfer orders.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.